██ JACQUELYN JAMISON, Appellant, v COUNTY OF ONONDAGA, Respondent. [796 NYS2d 761]—

Appeal from an order of the Supreme Court, Onondaga County (James W. McCarthy, A.J.), entered August 4, 2004 in a personal injury action. The order, insofar as appealed from, granted in part defendant's cross motion for summary judgment and dismissed the Labor Law §§ 200, § 240 (1) and § 241 (6) causes of action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying that part of the cross motion with respect to the Labor Law § 241 (6) cause of action and reinstating that cause of action insofar as it is based upon the alleged violation of 12 NYCRR 23-1.21 (b) (4) (ii) and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries she sustained in a fall from a ladder. Plaintiff's employer was contracted to drive pile in connection with the construction of a building at a waste management facility owned by defendant. On the day of the accident, plaintiff's task was to walk around the construction site to monitor the air quality where workers were driving pile. Upon being told that a crane operator had

complained of fumes, plaintiff climbed up a ladder that was leaning against the crane so that she could talk to the crane operator. When plaintiff proceeded down the ladder, it slipped and she fell.

Supreme Court properly denied plaintiff's motion for partial summary judgment on the Labor Law § 240 (1) cause of action and granted that part of defendant's cross motion for summary judgment dismissing that cause of action. To come within the protection of section 240 (1), the task that the plaintiff is performing must "entail a significant risk inherent in the particular task because of the relative elevation at which the task must be performed or at which materials or loads must be positioned or secured" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]). For those tasks, protective devices are required because of the difference between the elevation level of the required work and a lower level (*see id.*). We agree with defendant that plaintiff's task did not involve an elevation-related risk within the meaning of Labor Law § 240 (1) (*see Toefer v Long Is. R.R.*, 4 NY3d 399 [2005]; *Bond v York Hunter Constr.*, 95 NY2d 883, 884-885 [2000]; *DiBenedetto v Port Auth. of N.Y. & N.J.*, 293 AD2d 399 [2002], *lv denied* 98 NY2d 610 [2002]; *DePuy v Sibley, Lindsay & Curr Co.*, 225 AD2d 1069, 1070 [1996]).

The court erred, however, in granting that part of defendant's cross motion for summary judgment dismissing the Labor Law § 241 (6) cause of action. Plaintiff relied on an alleged violation of 12 NYCRR 23-1.21 (b) (4) to support that cause of action. While we agree with defendant that section 23-1.21 (b) (4) (i) is inapplicable to the facts of this case, because the ladder at issue was not used as a regular means of access between floors or levels of a building or structure (*see Spenard v Gregware Gen. Contr.*, 248 AD2d 868, 871 [1998]), defendant failed to meet its initial burden of establishing that 12 NYCRR 23-1.21 (b) (4) (ii) does not apply (*see Sprague v Peckham Materials Corp.*, 240 AD2d 392, 394 [1997]; *see generally Bennett v SDS Holdings*, 309 AD2d 1212, 1213 [2003]); and we thus modify the order accordingly. Present—Pigott, Jr., P.J., Green, Kehoe, Martoche and Hayes, JJ.