■ JOSEPH R. ARIGO et al., Respondents, v RANDY J. SPENCER, Appellant, and LESLY GERMAIN, M.D., Respondent. [834 NYS2d 805]—

Appeal from an order of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered July 14, 2006. The order, insofar as appealed from, granted plaintiffs' motion seeking partial summary judgment and denied that part of the cross motion of defendant Randy J. Spencer seeking summary judgment dismissing the Labor Law § 241 (6) cause of action.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion seeking partial summary judgment is denied, that part of the cross motion seeking summary judgment dismissing the third cause of action is granted and the third cause of action is dismissed.

Memorandum: Plaintiffs commenced this action against, inter alia, Randy J. Spencer (defendant), asserting causes of action for Labor Law violations and common-law negligence. Defendant hired Joseph R. Arigo (plaintiff) to replace a furnace in a house that he owned and rented to a third party. After installing the furnace, plaintiff climbed onto the roof of the house in order to install the chimney liner. Plaintiff used a new fiberglass extension ladder to climb onto the roof of an attached porch, where he then repositioned the ladder on that roof in order to reach the second story roof. Plaintiff had ascended the ladder to the second story roof a second time in the process of installing the chimney liner when he realized that he needed "something else." While "in the process of getting on the ladder," he either lost his footing or the ladder kicked out, and both he and the ladder fell to the deck below.

Plaintiffs commenced this action alleging, inter alia, that defendant violated Labor Law § 240 (1) and § 241 (6). We conclude that Supreme Court erred in granting plaintiffs' motion seeking partial summary judgment on liability under Labor Law § 240 (1). Even assuming, arguendo, that plaintiffs met their initial burden on their motion, we conclude that defendant raised issues of fact sufficient to defeat the motion. It is undisputed that the ladder was not defective, and plaintiff testified at his deposition that the ladder had rubber feet that swivelled to permit its

placement on an incline and that he had not noticed that the ladder was unstable when he twice ascended the ladder to the roof. There is an issue of fact, however, whether the ladder "kicked out" from under plaintiff and thus failed to provide him with proper protection (*see Petit v Board of Educ. of W. Genesee School Dist.*, 307 AD2d 749 [2003]), or whether plaintiff slipped and his own conduct was thus "the sole proximate cause of his injuries" (*Trippi v Main-Huron, LLC*, 28 AD3d 1069, 1070 [2006]; *see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290-291 [2003]).

We further conclude that the court erred in denying that part of defendant's cross motion seeking summary judgment dismissing the Labor Law § 241 (6) cause of action, which is based upon the alleged violations of specified Industrial Code regulations. Even assuming, arguendo, that the ladder used by plaintiff was not "approved," as required by 12 NYCRR 23-1.21 (a), we conclude that the alleged violation of that regulation was not a proximate cause of plaintiff's injuries as a matter of law (*see Trippi*, 28 AD3d at 1070). The ladder was not used as a means of access between levels in a building, and thus 12 NYCRR 23-1.21 (b) (4) (i), which applies to ladders used as a regular means of access between floors or other levels in a building, is not applicable to this case (*see Jamison v County of Onondaga*, 17 AD3d 1142, 1143 [2005]). Because the record establishes that the ladder was not placed on a slippery or unstable object, we conclude that 12 NYCRR 23-1.21 (b) (4) (ii), which requires that all ladder footings shall be firm, also is not applicable to this case (*cf. Hart v Turner Constr. Co.*, 30 AD3d 213, 214 [2006]; *Jamison*, 17 AD3d at 1143). Although plaintiffs allege the violations of 12 NYCRR 23-1.21 (b) (4) (iv) and (v), they apply only when work is being performed from a ladder, and they therefore are not applicable to the facts herein (*cf. Ferrero v Best Modular Homes, Inc.*, 33 AD3d 847, 851-852 [2006], *lv dismissed* 8 NY3d 841 [2007]). Finally, plaintiffs allege the violation of 12 NYCRR 23-1.24, which requires that roofing brackets, crawling boards or safety belts be used under certain conditions, and section 23-1.32, which requires, inter alia, that a worker be warned of conditions that pose an imminent risk to him or her. Even assuming, arguendo, that defendant violated those regulations, we conclude that the violations were not a proximate cause of plaintiff's injuries as a matter of law (*see generally Trippi*, 28 AD3d at 1070). Present—Scudder, P.J., Gorski, Centra, Green and Pine, JJ.