■ RICKY DUTTON, Appellant, v ROBERT McCABE, Doing Business as McCABE CONTRACTORS, et al., Respondents. [852 NYS2d 911]—

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when the extension ladder on which he was standing slid and fell to the ground. As limited by his brief, plaintiff contends that Supreme Court erred in granting those parts of the respective motions of defendants, Robert McCabe, doing business as McCabe Contractors (McCabe), and WTW, Inc., doing business as Bill Wygal Exteriors (Wygal), seeking summary judgment dismissing the Labor Law § 240 (1) cause of action against them and in denying plaintiff's cross motion seeking partial summary judgment on liability on that cause of action.

Wygal contracted with a homeowner in July 2004 to replace windows and siding, and Wygal hired McCabe to install the siding. McCabe, in turn, hired plaintiff to assist him, and it is undisputed that plaintiff was not McCabe's employee but, rather, was an independent contractor. The homeowner thereafter advised Wygal that a siding panel had cracked and, at McCabe's direction, plaintiff returned to the work site in February 2005 to repair it. Plaintiff placed McCabe's extension ladder on the driveway but did not extend it, and he first ascended the ladder to remove snow. He descended the ladder to retrieve his tools, and he again began to ascend the ladder. Plaintiff was ap-

proximately halfway up the ladder when it "started to slide" and, when the ladder reached the ground, plaintiff was lying face down on the ladder.

In granting defendants' motions and denying plaintiff's cross motion with respect to the Labor Law § 240 (1) cause of action, the court erred in determining that plaintiff failed to establish that the ladder was defective. Because the ladder slid while plaintiff was ascending it, we conclude that plaintiff met his initial burden on his cross motion with respect to Labor Law § 240 (1) by establishing that the ladder failed to provide proper protection as required by the statute, and we further conclude that defendants failed to raise an issue of fact whether plaintiff's actions were the sole proximate cause of the accident (*see Nephew v Klewin Bldg. Co., Inc.*, 21 AD3d 1419, 1420 [2005]; *cf. Arigo v Spencer*, 39 AD3d 1143, 1144-1145 [2007]). We thus conclude that the court erred in denying that part of plaintiff's cross motion with respect to Wygal on the Labor Law § 240 (1) cause of action. We conclude, however, that the court properly denied that part of plaintiff's cross motion with respect to McCabe. Although McCabe established that he was not at the work site when the accident occurred, we conclude that there is an issue of fact on the record before us whether he is liable pursuant to section 240 (1) as Wygal's agent. Wygal, the general contractor, delegated the duties with respect to the siding to McCabe, who had the concomitant authority to supervise and control that part of the work, and thus there is an issue of fact whether McCabe had "the authority to supervise and control" the work being done when plaintiff was injured (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 293 [2003]; *cf. Morales v Spring Scaffolding, Inc.*, 24 AD3d 42, 46-47 [2005]; *see generally Walls v Turner Constr. Co.*, 4 NY3d 861, 863-864 [2005]; *Russin v Louis N. Picciano & Son*, 54 NY2d 311, 318 [1981]). We therefore modify the order accordingly. Present—Scudder, P.J., Martoche, Smith, Green and Gorski, JJ.