■ ANTONIO A. SIMOES, Appellant-Respondent, v CITY OF NEW YORK, Respondent-Appellant. [917 NYS2d 163]—

Order, Supreme Court, Bronx County (Edgar G. Walker, J.), entered July 20, 2009, which, to the extent appealed from, granted defendant's motion for summary judgment dismissing the cause of action pursuant to Labor Law § 240 (1), denied plaintiff's cross motion for summary judgment on the section 240 (1) claim, and denied defendant's motion for summary judgment dismissing the cause of action pursuant to Labor Law § 241 (6), unanimously affirmed, without costs.

On the night of the subject accident, plaintiff was working as a flagman charged with directing traffic so as to allow manlifts to be driven into position under the bridge that was being renovated. During the course of this work, one of the manlifts malfunctioned and the workers decided to drive it to a nearby vacant lot. When the manlift was unable to make it over the curb next to the lot, plaintiff climbed up the boom and into the aerial basket in an attempt to use the controls in the basket to negotiate the manlift over the curb. Moments later, a foreman drove another vehicle toward the manlift in an attempt to push it into the lot. When that vehicle made contact with the manlift, the manlift fell over with plaintiff still within the aerial basket.

Under the circumstances presented, dismissal of the Labor Law § 240 (1) cause of action was proper. Plaintiff was not protected by the statute since his duties as a flagman did not entail elevation-related risks (see Rocovich v Consolidated Edison Co., 78 NY2d 509, 514 [1991]; Modeste v Mega Contr., Inc., 40 AD3d 255 [2007]; Jamison v County of Onondaga, 17 AD3d 1142, 1143 [2005]).

The court properly declined to dismiss the Labor Law § 241 (6) cause of action. Plaintiff was sufficiently in the construction area for the purposes of section 241 (6) (see Lucas v KD Dev. Constr. Corp., 300 AD2d 634 [2002]), and contrary to defendant's contention, there are triable issues as to whether the Industrial Code provisions relied upon by plaintiff, namely, 12 NYCRR 23-9.6 (c) (3) and (e) (8), are applicable. Concur—Tom, J.P., Saxe, DeGrasse and Freedman, JJ.