McCue v Cablevision Sys. Corp. (2018 NY Slip Op 02902)





McCue v Cablevision Sys. Corp.


2018 NY Slip Op 02902


Decided on April 26, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2018

Mazzarelli, J.P., Kapnick, Kahn, Kern, Singh, JJ.


6393 156805/12

[*1]Michael McCue, Plaintiff-Appellant,
v
Cablevision Systems Corporation, Defendant-Respondent, Consolidated Edison Co. of New York, Inc., et al., Defendants.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Fabiani Cohen & Hall, LLP, New York (Allison A. Snyder counsel), for respondent.



Order, Supreme Court, New York County (Joan A. Madden, J.), entered October 31, 2016, which, to the extent appealed from, denied plaintiff's motion for summary judgment on liability on his Labor Law § 240(1) claim, unanimously affirmed, without costs.
Plaintiff commenced this action to recover for personal injuries he allegedly sustained when he fell from a utility pole while attempting to troubleshoot a cable installation activation that did not work. However, his supervisor submitted an affidavit asserting, inter alia, that plaintiff's sole job functions were as a manager, providing administrative services and training, assessing materials and equipment needed for a job, and occasionally following up with an activation from ground level only, but that in no event were his duties to entail climbing any poles.
Supreme Court correctly determined that issues of fact exist as to whether the aerial work plaintiff contends he was performing when he fell was outside the scope of his employment and thus outside the protection of Labor Law § 240(1) (Simoes v City of New York, 81 AD3d 514 [1st Dept 2011]; Vega v Renaissance 632 Broadway, LLC, 103 AD3d 883, 885 [2d Dept 2013]). Moreover, Supreme Court correctly determined that issues of fact exist as to how the accident occurred. Specifically, the individual who performed that activation testified that plaintiff was not present, and he could not recall any problems with the activation (see Macchia v Natasi White, Inc., 26 AD3d 225 [1st Dept 2006].
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 26, 2018
CLERK