DANIEL A. DONOVAN, Appellant, v CNY CONSOLIDATED CONTRACTORS, INC., et al., Respondents. [718 NYS2d 760] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied plaintiff's cross motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) against defendants CNY Consolidated Contractors, Inc. and P&C Food Markets, Inc. Plaintiff, a fire sprinkler installer, was injured while installing an overhead sprinkler system in a grocery store that was being renovated. While tightening connections on the sprinkler system, plaintiff was standing on an A-frame ladder, approximately 4½ feet above a concrete floor. He received an electric shock when his right elbow came into contact with an exposed electrical wire, and he fell to the floor, breaking his left wrist. The ladder was found open and lying on its side next to plaintiff after he fell.

In seeking partial summary judgment on the issue of liability under Labor Law § 240 (1), plaintiff alleged that the ladder swayed as he applied torque to the piping and that the failure to secure the ladder or provide a safety device was a proximate cause of his injury. Plaintiff, however, was rendered unconscious by the electric shock and has no recollection of touching the wire or falling from the ladder. He cannot recall if the ladder swayed before his fall, and he does not allege that the ladder was defective. We conclude that there is an issue of fact whether the failure to secure the ladder or provide a safety device was "a substantial factor leading to the plaintiff's injuries" (*Williams v Dover Home Improvement,* 276 AD2d 626, 627; *see also, Weber v 1111 Park Ave. Realty Corp.,* 253 AD2d 376, 378; *Abramo v Pepsi-Cola Buffalo Bottling Co.,* 224 AD2d 980, 981; *Gange v Tilles Inv. Co.,* 220 AD2d 556, 558). (Appeal from Or-

der of Supreme Court, Onondaga County, Stone, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Hurlbutt and Kehoe, JJ.