■ J. Todd Trippi, Appellant, v Main-Huron, LLC, Respondent. [814 NYS2d 444]—

Appeal from an order of the Supreme Court, Erie County (Peter J. Notaro, J.), entered February 2, 2005 in a personal injury action. The order, insofar as appealed from, denied plaintiff's motion for partial summary judgment on liability on the Labor Law § 240 (1) cause of action and granted in part defendant's cross motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained while employed by a contractor installing a heating and air conditioning system in defendant's building. Plaintiff fell from a stepladder while descending from a fourth-story window to an adjacent roof 9 or 10 feet below. As he backed out of the window, plaintiff was struck and forced off the stepladder by a three-foot-long metal prop used to hold the window open. An eyewitness testified at his deposition that plaintiff dislodged the metal prop with his elbow as he exited the window, although plaintiff testified at his deposition that he did not recall doing so.

Contrary to the contention of plaintiff, Supreme Court

properly denied his motion for partial summary judgment on liability on the Labor Law § 240 (1) cause of action. Under the facts of this case, plaintiff has no valid section 240 (1) cause of action under the theory that he was struck by a falling object. The metal prop was at the same height as plaintiff and was not an object that "fell, while being hoisted or secured, *because of* the absence or inadequacy of a safety device of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]). Nor is plaintiff entitled to judgment as a matter of law under the "falling worker" theory, under which plaintiff must establish that there was a violation of Labor Law § 240 (1) and that such violation was a proximate cause of his injuries (*see generally Felker v Corning Inc.*, 90 NY2d 219, 224 [1997]; *Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 524 [1985], *rearg denied* 65 NY2d 1054 [1985]; *Baum v Ciminelli-Cowper Co.*, 300 AD2d 1028, 1029 [2002]). Rather, the record establishes that there is a triable issue of fact whether the stepladder, which did not " 'collapse[ ], slip[ ] or otherwise fail[ ] to perform its [intended] function of supporting the worker,' " provided proper protection within the meaning of section 240 (1) (*Musselman v Gaetano Constr. Corp.*, 277 AD2d 691, 692 [2000], quoting *Briggs v Halterman*, 267 AD2d 753, 754-755 [1999]; *see Grogan v Norlite Corp.*, 282 AD2d 781, 782-783 [2001]; *Donovan v CNY Consol. Contrs.*, 278 AD2d 881 [2000]; *Weber v 1111 Park Ave. Realty Corp.*, 253 AD2d 376 [1998]; *Gange v Tilles Inv. Co.*, 220 AD2d 556 [1995]). There is likewise a triable issue of fact whether the conduct of plaintiff was the sole proximate cause of his injuries (*cf. Petit v Board of Educ. of W. Genesee School Dist.*, 307 AD2d 749 [2003]; *see generally Weininger v Hagedorn & Co.*, 91 NY2d 958, 960 [1998], *rearg denied* 92 NY2d 875 [1998]; *Manning v Johnson Bldg. Co.*, 303 AD2d 929 [2003], *appeal dismissed* 100 NY2d 556 [2003]).

Contrary to plaintiff's further contention, the court also properly granted that part of defendant's cross motion seeking summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as it is based on the alleged violations of 12 NYCRR 23-1.21 (b) (4) (iv) and (e) (2) and (3). Even assuming, arguendo, that defendant violated those regulations, we nevertheless conclude that any such violations were not a proximate cause of plaintiff's injuries as a matter of law (*see Cunningham v Alexander's King Plaza, LLC*, 22 AD3d 703, 706-707 [2005]; *Enderlin v Hebert Indus. Insulation*, 224 AD2d 1020, 1021 [1996]).

All concur except Gorski and Hayes, JJ., who dissent in part

and vote to modify in accordance with the following memorandum.

Gorski and Hayes, JJ. (dissenting in part). We respectfully dissent in part. We agree with the majority that plaintiff is not entitled to partial summary judgment on liability under Labor Law § 240 (1) based on the falling object theory, inasmuch as he was not struck by a falling object (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267-268 [2001]). We also agree with the majority that the Labor Law § 241 (6) cause of action was properly dismissed insofar as it is based on the alleged violations of 12 NYCRR 23-1.21 (b) (4) (iv) and (e) (2) and (3).

We conclude, however, that Supreme Court erred in denying plaintiff's motion for partial summary judgment on liability under Labor Law § 240 (1) based on the falling worker theory (*see generally Narducci*, 96 NY2d at 267), and we therefore would modify the order by granting plaintiff's motion. In our view, the record establishes that defendant did not provide plaintiff with the proper protection from falling from a height as required under that section. The record establishes that the ladder at the work site was unopened and leaning against the building below a window three feet in width, and defendant had used a metal prop to hold the window open. The record further establishes that the ladder was accessible only by backing out of the window. In our view, the ladder, accessible only by the window, was patently insufficient to satisfy defendant's statutory obligation to "give proper protection to" plaintiff (Labor Law § 240 [1]; *cf. Sopha v Combustion Eng'g*, 261 AD2d 911 [1999]), yet it is undisputed that the prescribed method of accessing and leaving the work site was by way of the ladder and window. In addition, the ladder provided was inadequate because the top rung was approximately three feet below the bottom of the window, and plaintiff was not given an appropriate safety device such as a harness or rope with which to access the ladder (*see Felker v Corning Inc.*, 90 NY2d 219, 224-225 [1997]). " 'The unrefuted evidence establishes that plaintiff fell from a ladder while engaged in statutorily protected work and that no safety devices were provided that might have prevented the accident' " (*Rounds v Gibralter Steel Corp.*, 305 AD2d 1018, 1018 [2003]; *see Hodge v Crouse Hinds Div. of Cooper Indus.*, 207 AD2d 1007 [1994]).

Because, in our view, adequate safety devices were not provided to plaintiff to access the ladder, plaintiff's alleged negligence in striking the metal prop holding the window open cannot be the "sole proximate cause" of plaintiff's injuries, and any comparative negligence is irrelevant (*see Panek v County of*

*Albany*, 99 NY2d 452, 458 [2003]; *Petit v Board of Educ. of W. Genesee School Dist.*, 307 AD2d 749 [2003]; cf. *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290-292 [2003]). Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Hayes, JJ.