■ RICHARD BROWN et al., Respondents, v CONCORD NURSERIES, INC., Appellant. (Appeal No. 1.) [829 NYS2d 782]—

Appeal from an order of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered April 28, 2006 in a personal injury action. The order, insofar as appealed from, denied in part defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking to recover damages for injuries sustained by Richard Brown (plaintiff) when he fell from a ladder on defendant's premises. Supreme Court properly denied that part of defendant's motion for summary judgment dismissing the Labor Law § 240 (1) claim. The court properly determined that the work being performed by plaintiff at the time of the accident, i.e., the clamping of a broken torsion spring that prevented the proper functioning of the overhead door of a storage building at defendant's nursery complex, constituted the repair of a building rather than routine maintenance and thus constituted "an activity protected under the statute" (*Shapiro v ACG Equity Assoc.*, 233 AD2d 857, 857 [1996]; *see Bruce v Fashion Sq. Assoc.*, 8 AD3d 1053 [2004]; *Short v Durez Div.-Hooker Chems. & Plastic Corp.*, 280 AD2d 972, 972-973 [2001]; *cf. Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 53 [2004]).

We further conclude that there are triable issues of fact concerning the adequacy of the protection afforded to plaintiff, both in terms of the ladder provided to him and the absence of other safety devices (*see Trippi v Main-Huron, LLC*, 28 AD3d 1069, 1070 [2006]; *Donovan v CNY Consol. Contrs.*, 278 AD2d 881 [2000]; *Williams v Dover Home Improvement*, 276 AD2d 626, 626-627 [2000]). Finally, there is a triable issue of fact whether the conduct of plaintiff was the sole proximate cause of his injuries (*see Weininger v Hagedorn & Co.*, 91 NY2d 958, 960 [1998], *rearg denied* 92 NY2d 875 [1998]; *Trippi*, 28 AD3d at 1070; *Tronolone v Praxair, Inc.*, 22 AD3d 1031, 1033 [2005]). Present—Hurlbutt, J.P., Gorski, Lunn, Peradotto and Green, JJ.