■ DENNIS PARENTE et al., Appellants, v 277 PARK AVENUE LLC et al., Respondents. JP MORGAN CHASE, Third-Party Plaintiff-Respondent, v CUSHMAN & WAKEFIELD, INC., Third-Party Defendant-Respondent. [883 NYS2d 22]—

Order, Supreme Court, New York County (Carol Robinson Edmead, J.), entered May 30, 2008, which denied plaintiffs' motion for partial summary judgment on their Labor Law § 240 (1) claim, granted defendants' cross motion for summary judgment dismissing the complaint, and granted third-party defendant's motion for summary judgment dismissing the third-party action, unanimously modified, on the law, defendants' cross motions for summary judgment dismissing the section 240 (1) cause of action denied, plaintiffs' motion granted, and the motion to dismiss the third-party complaint denied, and otherwise affirmed, without costs.

Plaintiff Dennis Parente, an operating engineer employed by third-party defendant, was allegedly injured on a Saturday when

he fell off a ladder he had placed on a desktop in an office leased by defendant Chase, while inspecting a malfunctioning booster fan over the desk. His supervisor, also employed by third-party defendant, testified that the building management had reported the malfunction, and this was considered an emergency because high temperatures in the office could damage the tenant's computers.

Labor Law § 240 (1) imposes absolute liability on owners, contractors and their agents for injuries to workers engaged in the repairing of a building or structure that results from falls from ladders or other similar devices that do not provide the intended protection against such falls (*see Orellano v 29 E. 37th St. Realty Corp.*, 292 AD2d 289, 290 [2002]). It does not, however, apply to routine maintenance that is not performed in the context of construction or renovation. Replacement of parts that routinely wear out is considered maintenance, outside the purview of this section (*see Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 882 [2003]). Where something has gone awry, however, requiring repair, section 240 (1) is applicable (*see Caraciolo v 800 Second Ave. Condominium*, 294 AD2d 200, 201-202 [2002]; *Franco v Jemal*, 280 AD2d 409 [2001]).

No evidence was presented that the cause of the booster fan's malfunction was wear and tear on the power box motor and that only routine maintenance was required to fix the booster fan. Although the injured plaintiff stated this was sometimes a problem, neither he nor his supervisor actually knew the reason for the fan's breakdown, so he went to work on this particular weekend to investigate. An employee of the tenant testified that booster fans did not break down on a regular basis. Thus, plaintiff was not engaged in routine maintenance when he fell. Instead, he was attempting to repair a broken fan by first ascertaining the cause of the breakdown.

Defendants and third-party defendant failed to raise a triable issue of fact as to the allegation that plaintiff was the sole proximate cause of the accident. In these circumstances, plaintiff should have been granted summary judgment as to liability on the Labor Law § 240 (1) cause of action.

However, the court properly dismissed plaintiffs' claim under Labor Law § 241 (6) (*see Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526, 528 [2003]), as well as under Labor Law § 200 and common-law negligence (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]), since no construction was being performed on the floor where the accident occurred.

As to the third-party action for indemnification, we find tri-

able issues of fact concerning third-party defendant's coverage under the tenant's insurance policy and the applicability of certain exclusions. Concur—Mazzarelli, J.P., Andrias, DeGrasse and Abdus-Salaam, JJ. [*See* 2008 NY Slip Op 31457(U).]