■ BARRY HARRIS, Appellant, v EASTMAN KODAK COMPANY, Respondent. [921 NYS2d 766]—

Appeal from an order of the Supreme Court, Monroe County (John J. Ark, J.), entered August 10, 2010 in a personal injury action. The order, insofar as appealed from, denied the motion of plaintiff for partial summary judgment on the issue of liability.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law action seeking damages for injuries he sustained when he fell from a scaffold that was equipped with wheels. The accident occurred while plaintiff was removing a pipe that was attached to and ran parallel with the ceiling of the building on which he was working. The pipe fell when plaintiff cut through a bracket that was suspending the pipe and, according to plaintiff's bill of particulars, the scaffold "shifted and/or moved to the right causing plaintiff to fall from it to the left about 10 feet down headfirst." Plaintiff moved for partial summary judgment on liability under Labor Law § 240 (1) and § 241, and defendant cross-moved for summary judgment dismissing the Labor Law § 241 claim. Supreme Court denied the motion and cross motion.

We note at the outset that defendant did not take a cross appeal from the order and thus its present contention that the court erred in denying its cross motion is not properly before us (see generally CPLR 5515 [1]; Zeman v Falconer Elecs., Inc., 55 AD3d 1240, 1241 [2008]). With respect to plaintiff's motion, we conclude that the court properly denied the motion inasmuch as plaintiff failed to meet his "initial burden of establishing as a matter of law that the injury was caused by the lack of enumerated safety devices, the proper placement and operation of which would have prevented the pipe from falling on plaintiff and plaintiff from falling off the [scaffold]" (Sniadecki v Westfield Cent. School Dist., 272 AD2d 955 [2000]). It is undisputed that the scaffold neither collapsed nor tipped and plaintiff, the only witness to the accident, testified at his deposition both that the pipe did not strike him and that he was unsure whether the scaffold moved or shifted, which is contrary to the statement in his bill of particulars that the scaffold "shifted and/or moved to the right." In addition, the record does not establish whether the pipe struck the scaffold and whether the scaffold was equipped with a safety railing. Thus, plaintiff failed to meet his burden of establishing his entitlement to judgment on liability as a matter of law with respect to the alleged Labor Law violations. Finally, plaintiff's further contention that there should have been another safety device to prevent the pipe from falling

and striking either the scaffolding or plaintiff is raised for the first time on appeal and thus is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). Present—Scudder, P.J., Centra, Carni, Sconiers and Green, JJ.