# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1044.1**
**CA 11-02000**
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

MICHAEL JAMES OLSEN, PLAINTIFF-RESPONDENT,

V                                                      MEMORANDUM AND ORDER

LOUIS F. KOZLOWSKI, DEFENDANT,
AND SHIRLEY F. KOZLOWSKI, DEFENDANT-APPELLANT.

FELT EVANS, LLP, CLINTON (KENNETH L. BOBROW OF COUNSEL), FOR
DEFENDANT-APPELLANT.

STANLEY LAW OFFICES, LLP, SYRACUSE (ROBERT A. QUATTROCCI OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Oneida County (Samuel D. Hester, J.), entered April 25, 2011 in a personal injury action. The order, insofar as appealed from, denied that part of the cross motion of defendants seeking summary judgment dismissing the complaint against defendant Shirley F. Kozlowski and granted the motion of plaintiff for partial summary judgment on liability pursuant to Labor Law § 240 (1) against Shirley F. Kozlowski.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying plaintiff's motion in its entirety and as modified the order is affirmed without costs.

Memorandum:  Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he fell from the second floor of a residence that was being constructed by his employer, L & A Builders, Inc. (L & A).  Plaintiff moved for partial summary judgment on liability under Labor Law § 240 (1), and defendants, the owners of the property where the accident occurred, cross-moved for summary judgment dismissing the complaint.  Supreme Court granted that part of the cross motion for summary judgment dismissing the complaint against defendant Louis F. Kozlowski, which was unopposed.  The court also denied that part of defendants' cross motion and granted that part of plaintiff's motion with respect to Shirley F. Kozlowski (defendant).  We conclude that the court properly denied that part of the cross motion with respect to defendant but erred in granting that part of plaintiff's motion against her.  "[A] worker, such as the plaintiff, who is injured during the course of his employment cannot maintain an action to recover damages for personal injuries against the owner of premises where the accident occurred when the owner is also an officer of the corporation that employed the worker" (*Lovario v Vuotto*, 266 AD2d 191, 192; *see Kent v Younis*, 265

AD2d 889, 890). Although plaintiff met his initial burden on his motion with respect to defendant (*see Russell v Baker Rd. Dev.*, 278 AD2d 790, 790, *lv dismissed* 96 NY2d 824; *Skinner v Oneida-Herkimer Solid Waste Mgt. Auth.*, 275 AD2d 890, 890-891), defendant submitted evidence raising a triable issue of fact whether she was an officer of L & A at the time of the accident, and thus whether the action against her is barred by the exclusivity provisions of Workers' Compensation Law § 29 (6) (*cf. Melson v Sebastiano*, 32 AD3d 1259, 1260-1261; *see generally Mesa v Violante*, 204 AD2d 610, 610, *lv denied* 85 NY2d 803). We therefore modify the order accordingly.

Entered:  November 9, 2012                    Frances E. Cafarell
                                              Clerk of the Court