# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

930

CA 12-00329

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

RICHARD BRUCE, PLAINTIFF-RESPONDENT-APPELLANT,

V                                                MEMORANDUM AND ORDER

ACTUS LEND LEASE, DEFENDANT-APPELLANT-RESPONDENT.

---

NEWMAN MYERS KREINES GROSS HARRIS, P.C., NEW YORK CITY (CHARLES D. COLE, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.

STANLEY LAW OFFICES, LLP, SYRACUSE (ROBERT A. QUATTROCCI OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), dated August 25, 2011. The order denied plaintiff's motion for partial summary judgment and denied defendant's cross motion for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries that he allegedly sustained when a roof truss that he was securing to a building under construction broke apart, striking him and knocking him off a ladder. The truss broke apart when the hoist to which it was attached was raised prematurely. We conclude that Supreme Court properly denied both plaintiff's motion for partial summary judgment on the Labor Law § 240 (1) claim and defendant's cross motion for summary judgment dismissing that claim. A plaintiff is entitled to summary judgment under Labor Law § 240 (1) by establishing that he or she was "subject to an elevation-related risk, and [that] the failure to provide any safety devices to protect the worker from such a risk [was] a proximate cause of his or her injuries" (*Peters v Kissling Interests, Inc.*, 63 AD3d 1519, 1520, *lv denied* 13 NY3d 903, citing *Striegel v Hillcrest Hgts. Dev. Corp.*, 100 NY2d 974, 978). A defendant is entitled to summary judgment dismissing a Labor Law § 240 (1) cause of action or claim by establishing that a statutory violation did not occur, an alleged statutory violation was not a proximate cause of the accident, or the plaintiff's conduct was the sole proximate cause of the accident (*see generally Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289 n 8).

Here, we conclude on the record before us that plaintiff was not injured based on the "falling object" theory of recovery. Indeed,

because it is undisputed that the truss was rising when it struck plaintiff, the alleged injury could not have been the result of "the application of the force of gravity to the [truss]" (*Runner v Stock Exch., Inc.*, 13 NY3d 599, 604; *see Brownell v Blue Seal Feeds, Inc.*, 89 AD3d 1425, 1427).  We nevertheless conclude that there is an issue of fact on the record before us with respect to the "falling worker" theory of recovery.  More specifically, there are issues of fact under that theory of recovery "concerning the adequacy of the protection afforded to plaintiff, both in terms of the [safety devices] provided to him and the absence of other safety devices . . . [, and] whether the conduct of plaintiff was the sole proximate cause of his injuries" (*Brown v Concord Nurseries, Inc.*, 37 AD3d 1076, 1077; *see Trippi v Main-Huron, LLC*, 28 AD3d 1069, 1070; *see also Donovan v CNY Consol. Contrs.*, 278 AD2d 881, 881).

Entered:  December 28, 2012                    Frances E. Cafarell
                                              Clerk of the Court