# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**936**

**CA 14-01767**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

PHILLIP WOLFE, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

WAYNE-DALTON CORP., ET AL., DEFENDANTS,
JOANNE LESKA AND ROBERT TARSON, JR.,
DEFENDANTS-APPELLANTS.
(APPEAL NO. 1.)

---

KNYCH & WHRITENOUR, LLC, SYRACUSE (MATTHEW E. WHRITENOUR OF COUNSEL),
FOR DEFENDANTS-APPELLANTS.

STANLEY LAW OFFICES, LLP, SYRACUSE (JON COOPER OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Onondaga County
(Anthony J. Paris, J.), entered December 4, 2013.  The order, among
other things, granted plaintiff's motion for partial summary judgment
pursuant to Labor Law § 240 (1) as against defendants Joanne Leska and
Robert Tarson, Jr.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying plaintiff's motion except
insofar as it sought dismissal of the fifth affirmative defense as
asserted by defendants Joanne Leska and Robert Tarson, Jr., and as
modified the order is affirmed without costs.

Memorandum:  Plaintiff, a warehouse manager, fell from a safety
ladder and sustained injuries while attempting to reattach a "dumped"
cable to its spindle on an overhead receiving door at the warehouse
where he worked.  Plaintiff commenced this action against four owners
of the warehouse, including Joanne Leska and Robert Tarson, Jr.
(hereafter, defendants), seeking damages for injuries sustained by
plaintiff as a result of, among other things, a violation of Labor Law
§ 240 (1).  As relevant to this appeal, by the order in appeal No. 1,
Supreme Court granted plaintiff's motion for partial summary judgment
on the issue of liability with respect to the section 240 (1) claim as
asserted against defendants based upon its determination that
plaintiff had established that, at the time he was injured, he was
engaged in a repair, an enumerated activity pursuant to the statute.
The court thus denied that part of defendants' cross motion seeking
dismissal of that claim against them.  By the order in appeal No. 2,
the court denied defendants' motion for leave to renew their cross
motion.

     In appeal No. 1, defendants contend that plaintiff was not engaged in a protected activity at the time he was injured and, thus, the court erred in granting plaintiff's motion and in denying the corresponding part of their cross motion.  We reject that contention.  It is well settled that section 240 (1) " 'does not apply to routine maintenance in a non-construction, non-renovation context' " (*Ozimek v Holiday Val., Inc.*, 83 AD3d 1414, 1415).  " '[D]eliniating between routine maintenance and repairs is frequently a close, fact-driven issue' " (*Kostyo v Schmitt & Behling, LLC*, 82 AD3d 1575, 1576), and "[t]hat distinction depends upon 'whether the item being worked on was inoperable or malfunctioning prior to the commencement of the work' . . . , and whether the work involved the replacement of components damaged by normal wear and tear" (*Pieri v B&B Welch Assoc.*, 74 AD3d 1727, 1728).  Here, plaintiff submitted evidence establishing that he was injured while attempting to repair "an uncommon [door] malfunction, which is a protected activity under Labor Law § 240 (1)" (*Pieri*, 74 AD3d at 1728; *see Ozimek*, 83 AD3d at 1415; *Brown v Concord Nurseries, Inc.*, 37 AD3d 1076, 1077), and defendants failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

     We agree with defendants, however, that plaintiff failed to meet his burden of establishing that his injury resulted from an elevation-related risk as contemplated by the statute, and we therefore modify the order accordingly.  "A plaintiff is entitled to summary judgment under Labor Law § 240 (1) by establishing that he or she was 'subject to an elevation-related risk, and [that] the failure to provide any safety devices to protect the worker from such a risk [was] a proximate cause of his or her injuries' " (*Bruce v Actus Lend Lease*, 101 AD3d 1701, 1702).  Here, it is undisputed that the safety ladder used by plaintiff did not tip.  Plaintiff, the only witness to the accident, testified at his deposition that he had no recollection of the accident, and "[t]he simple fact that plaintiff fell from a ladder does not automatically establish liability on the part of [defendants]" (*Beardslee v Cornell Univ.*, 72 AD3d 1371, 1372).  Plaintiff testified that he closed the overhead door before climbing the ladder and that after the accident the overhead door was open, but plaintiff did not know whether the overhead door moved and struck him and/or the ladder, or whether he merely slipped and fell from the ladder.  In the absence of any other evidence concerning the manner in which the accident occurred, we conclude that there is a "triable issue of fact whether [plaintiff] fell because the ladder did not afford him proper protection" (*Sistrunk v County of Onondaga*, 89 AD3d 1552, 1554; *see Bruce*, 101 AD3d at 1702; *Harris v Eastman Kodak Co.*, 83 AD3d 1563, 1564).  On this record, we further conclude that defendants failed to meet their entitlement to judgment as a matter of law dismissing the section 240 (1) claim (*see generally Dean v City of Utica*, 75 AD3d 1130, 1131).

     Defendants also contend in appeal No. 1 that the court erred in granting that part of plaintiff's motion seeking dismissal of the defense of immunity pursuant to Workers' Compensation Law §§ 11 and 29 (6), and in denying that part of defendants' cross motion seeking

to establish the applicability of that defense as a matter of law.  We reject that contention.  "It is well established that 'a worker . . . who is injured during the course of his [or her] employment[] cannot maintain an action to recover damages for personal injuries against the owner of the premises where the accident occurred when the owner is also an officer of the corporation that employed the worker' " (*Ciapa v Miso*, 103 AD3d 1157, 1159; *see* Workers' Compensation Law §§ 11, 29 [6]).  "The protection against lawsuits brought by injured workers which is afforded to employers by Workers' Compensation Law §§ 11 and 29 (6) also extends to entities which are alter egos of the entity which employs the plaintiff" (*Samuel v Fourth Ave. Assoc., LLC*, 75 AD3d 594, 595-596).  Here, plaintiff met his burden on his motion by submitting evidence establishing that, at the time of the accident, defendants were not officers of plaintiff's employer or any purported alter ego of plaintiff's employer (*see Olsen v Koslowski*, 100 AD3d 1396, 1397; *see also Melson v Sabastiano*, 32 AD3d 1259, 1260), and defendants failed to raise a triable issue of fact (*see generally Zuckerman*, 49 NY2d at 562).

Contrary to defendants' contention in appeal No. 2, we conclude that the court did not abuse its discretion in denying defendants' motion for leave to renew.  Although a court has discretion to grant leave to renew, in the interest of justice, upon facts which were known to the movant at the time the original motion was made, "it may not exercise that discretion unless the movant establishes a 'reasonable justification for the failure to present such facts on the prior motion' " (*Robinson v Consolidated Rail Corp.*, 8 AD3d 1080, 1080, quoting CPLR 2221 [e] [3]; *see DiPizio Constr. Co., Inc. v Erie Canal Harbor Dev. Corp.*, 120 AD3d 909, 911).  Here, defendants failed to provide a reasonable justification for the failure to produce the purported new evidence on the prior cross motion (*see DiPizio Constr. Co., Inc.*, 120 AD3d at 911; *Chiappone v William Penn Life Ins. Co. of N.Y.*, 96 AD3d 1627, 1628).

Entered:  November 20, 2015                    Frances E. Cafarell
                                               Clerk of the Court