# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**302**
**CA 15-01563**
PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

JEREMIAH CULLEN, PLAINTIFF-RESPONDENT,

V                                                      MEMORANDUM AND ORDER

AT&T, INC. AND AMERICAN TOWER, L.P.,
DEFENDANTS-APPELLANTS.

---

HAVKINS ROSENFELD RITZERT & VARRIALE, LLP, NEW YORK CITY (JARETT L.
WARNER OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

CHERUNDOLO LAW FIRM, PLLC, SYRACUSE (JOHN C. CHERUNDOLO OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Oneida County (Norman I. Siegel, J.), entered November 17, 2014. The order, among other things, granted the cross motion of plaintiff for partial summary judgment pursuant to Labor Law § 240 (1).

It is hereby ORDERED that the order so appealed from is modified on the law by denying plaintiff's cross motion for partial summary judgment on liability under Labor Law § 240 (1) and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he allegedly sustained while working on a cell phone tower owned by defendant American Tower, L.P. and leased to New Cingular Wireless PCS, LLC, sued herein as defendant AT&T, Inc. (AT&T). Plaintiff's employer was hired by AT&T's management company to service its towers, and plaintiff and a coworker were dispatched on the date of the accident to investigate and remedy an alarm indicating that the subject tower was not functioning properly. Plaintiff's coworker conducted diagnostic tests from the ground while plaintiff climbed the tower to examine whether the malfunction related to one of six tower mounted amplifiers (TMAs) located on a boom extending out from the center pole of the tower at a height of approximately 180 feet. Plaintiff took approximately 20 to 30 minutes to climb to the top of the tower and, after he stopped to assess the situation, his coworker informed him that the alarm was likely the result of a broken TMA. In order to observe the TMA, plaintiff connected his shock absorbing lanyard to the tower, proceeded onto the boom, and then used two slings or "chokers" to lower himself to the TMA, which was about three or four feet below the boom. After plaintiff and his coworker determined that the TMA needed to be replaced, plaintiff intended to return to the center pole of the

tower and set up a pulley to haul a replacement TMA up to his location.  Plaintiff grabbed the slings and pulled himself upward, but he slipped and fell as he attempted to maneuver himself back onto the boom.  According to plaintiff, when he fell, both slings latched around his wrists and caused a sudden "jerk and pull" movement, which allegedly caused his injuries.  As relevant on appeal, Supreme Court granted plaintiff's cross motion for partial summary judgment on liability under Labor Law § 240 (1) and denied that part of defendants' cross motion for summary judgment dismissing the section 240 (1) cause of action.

Contrary to defendants' contention, the court properly determined that plaintiff was engaged in a protected activity, i.e., repair, at the time of the accident.  It is well settled that section 240 (1) " 'does not apply to routine maintenance in a non-construction, non-renovation context' " (*Ozimek v Holiday Val., Inc.*, 83 AD3d 1414, 1415).  "[D]elin[e]ating between routine maintenance and repairs is frequently a close, fact-driven issue . . . , and [t]hat distinction depends upon whether the item being worked on was inoperable or malfunctioning prior to the commencement of the work . . . , and whether the work involved the replacement of components damaged by normal wear and tear" (*Wolfe v Wayne-Dalton Corp.*, 133 AD3d 1281, 1282 [internal quotation marks omitted]).

Here, plaintiff testified that he never performed preventive maintenance on the towers, and that he and his coworkers were dispatched to a tower only when something was in need of repair (*cf. Barbarito v County of Tompkins*, 22 AD3d 937, 938-939, *lv denied* 7 NY3d 701).  Indeed, plaintiff's submissions establish that an item on the tower was malfunctioning prior to commencement of the work, and that plaintiff was injured after climbing approximately 180 feet to conduct an investigation into the cause of the alarm and to remedy the malfunction (*see Caraciolo v 800 Second Ave. Condominium*, 294 AD2d 200, 201-202; *Craft v Clark Trading Corp.*, 257 AD2d 886, 887).  Where, as here, " 'a person is investigating a malfunction, . . . efforts in furtherance of that investigation are protected activities under Labor Law § 240 (1)' " (*Ozimek*, 83 AD3d at 1415).  We reject defendants' contention that liability under section 240 (1) is foreclosed on the ground that the investigation had concluded and plaintiff was in the process of returning to the center pole to haul up the replacement TMA when the fall occurred (*see Pakenham v Westmere Realty, LLC*, 58 AD3d 986, 987-988).  As the Court of Appeals has emphasized, " '[i]t is neither pragmatic nor consistent with the spirit of the statute to isolate the moment of injury and ignore the general context of the work' " (*Saint v Syracuse Supply Co.*, 25 NY3d 117, 124).  Further, the record does not support defendants' contention that replacement of the TMA was necessitated by damage due to normal wear and tear (*see Parente v 277 Park Ave. LLC*, 63 AD3d 613, 614; *cf. Selak v Clover Mgt., Inc.*, 83 AD3d 1585, 1586-1587).  Plaintiff's submissions thus establish that he was engaged in the repair of the TMA on the tower rather than routine maintenance, and we conclude that defendants failed to raise a triable issue of fact in that respect (*see Wolfe*, 133 AD3d at 1282-1283; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

We agree with defendants, however, that the court erred in granting plaintiff's cross motion for partial summary judgment on liability under section 240 (1). We therefore modify the order accordingly. It is well settled that, "[t]o succeed on a cause of action pursuant to Labor Law § 240 (1), the plaintiff must establish that an owner or contractor failed to provide appropriate safety devices at an elevated work site and that such violation of the statute was the proximate cause of his [or her] injuries" (*Ramsey v Leon D. DeMatteis Constr. Corp.*, 79 AD3d 720, 722; *see Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554; *Felker v Corning Inc.*, 90 NY2d 219, 224-225). "[A]n accident alone does not establish a Labor Law § 240 (1) violation or causation" (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289). Moreover, " '[t]he question of whether [a] device provided proper protection within the meaning of Labor Law § 240 (1) is ordinarily a question of fact, except in those instances where the unrefuted evidence establishes that the device collapsed, slipped or otherwise failed to perform its [intended] function of supporting the worker and his or her materials' " (*Musselman v Charles A. Gaetano Constr. Corp.*, 277 AD2d 691, 692; *see Trippi v Main-Huron, LLC*, 28 AD3d 1069, 1070).

Even assuming, arguendo, that plaintiff met his initial burden on his cross motion, we conclude that there are issues of fact whether the safety devices provided proper protection, and whether the absence of additional safety devices was a proximate cause of plaintiff's injuries (*see Ortiz v Turner Constr. Co.*, 28 AD3d 627, 629; *see also Ramsey*, 79 AD3d at 722; *Brown v Concord Nurseries, Inc.*, 37 AD3d 1076, 1077). In opposition to plaintiff's cross motion, defendants submitted an expert affidavit sufficient to raise an issue of fact whether the safety devices provided to plaintiff were adequate for his work (*see Miller v Spall Dev. Corp.*, 45 AD3d 1297, 1298). Although the deposition testimony of plaintiff and his coworker and the affidavit of plaintiff's expert indicated that additional safety devices should have been provided, we conclude that the conflicting opinion of defendants' expert raises an issue of fact whether the absence of other safety devices proximately caused plaintiff's injuries (*see Scribner v State of New York*, 130 AD3d 1207, 1209-1210; *Kropp v Town of Shandaken*, 91 AD3d 1087, 1090; *Miller*, 45 AD3d at 1298).

All concur except WHALEN, P.J., and LINDLEY, J., who dissent and vote to affirm in accordance with the following memorandum: We respectfully dissent in part and would affirm because we conclude that Supreme Court properly granted plaintiff's cross motion for partial summary judgment on liability under Labor Law § 240 (1). As noted by the majority, plaintiff was working on a cell phone tower approximately 180 feet above the ground with his full body harness tied off to a part of the tower, he had used "choker slings" that looked like "giant rubber band[s]" to lower himself down from a horizontal boom for access to a tower mounted amplifier, and he sustained injuries when the slings latched around his wrists and "jerk[ed]" him to a stop after he slipped and fell from the boom in the course of climbing back onto it. The record further establishes

that prior to the accident plaintiff had asked his supervisor multiple times for additional safety equipment, including a "self-descending lanyard," to enable him to "get down to where [he] needed to work," that he had made a further request for a synthetic rope ladder to his employer's "safety guy," and that his requests were not granted.  In addition, plaintiff testified at his deposition that it had been necessary for him to wrap the slings around his arms and support his own weight in order to pull himself to a position from which he could swing one foot onto the boom, whereas a rope ladder would have enabled him to "stabilize [him]self" and thus would have "made it a lot easier" to climb back onto the boom, and a self-descending lanyard would have "[done] all of the work" itself to raise and lower him.

In support of his cross motion, plaintiff submitted, inter alia, his deposition testimony and the affidavit of an expert who asserted that the use of the slings as described above exposed plaintiff to unreasonable danger, and that defendants' failure to furnish additional safety equipment was a proximate cause of plaintiff's injuries.  In opposition to the cross motion, defendants submitted, inter alia, the affidavit of an expert who asserted that the equipment provided to plaintiff was consistent with industry standards, that the adequacy of the protection afforded was evident from "the fact that plaintiff did not fall to the ground when he lost his footing," and that additional equipment "would not have provided plaintiff with any measure of safety materially different from" that which he already had.

In our view, plaintiff made a prima facie showing that the absence of necessary safety equipment, i.e., the inadequacy of the slings alone to protect him against elevation-related risks as he went back up to the boom, was a proximate cause of his injuries, and that he was therefore entitled to partial summary judgment on liability pursuant to Labor Law § 240 (1) (*see Felker v Corning Inc.*, 90 NY2d 219, 224-225; *Gizowski v State of New York*, 66 AD3d 1348, 1349; *see generally Nicometi v Vineyards of Fredonia, LLC*, 25 NY3d 90, 97, *rearg denied* 25 NY3d 1195), particularly in light of his unheeded requests for additional safety devices (*see Keenan v Simon Prop. Group, Inc.*, 106 AD3d 586, 588-589).

We also conclude that defendants failed to raise a triable issue of fact in opposition to plaintiff's cross motion.  Defendants made no showing that plaintiff misused or failed to use any safety device such that his own conduct may have been the sole proximate cause of his injuries (*see Gallagher v New York Post*, 14 NY3d 83, 88-89; *cf. Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554-555), and we cannot agree with the majority that there is a reasonable view of the evidence in which plaintiff was provided with proper protection.  The reliance on industry standards by defendants' expert is unavailing because Labor Law § 240 (1) is a self-executing statute that sets its own standard for liability (*see Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 523-524, *rearg denied* 65 NY2d 1054; *Cruz v Cablevision Sys. Corp.*, 120 AD3d 744, 746-747), and the fact that plaintiff's equipment "arrest[ed] his fall before he struck the ground" does not establish that it afforded proper protection inasmuch

as it nonetheless "proved inadequate to shield him from gravity-related injuries" (*Lopez v Boston Props. Inc.*, 41 AD3d 259, 260; *see Rich v West 31st St. Assoc., LLC*, 92 AD3d 433, 434). In other words, the intended function of the safety equipment used by plaintiff was to protect him against any type of gravity-related injury while he worked on the tower, and the fact that the slings themselves caused his injuries while he was using them as intended establishes that they failed to perform that function (*cf. Trippi v Main-Huron, LLC*, 28 AD3d 1069, 1070).

Finally, to the extent that defendants' expert opined that other devices would not have provided plaintiff with any greater protection than the slings provided, i.e., that the accident could have happened the same way even if other devices had been used, we conclude that his opinion is "based on speculation rather than record facts" and thus is insufficient to defeat plaintiff's cross motion (*Urbano v Rockefeller Ctr. N., Inc.*, 91 AD3d 549, 550; *see Strojek v 33 E. 70th St. Corp.*, 128 AD3d 490, 491; *Robinson v NAB Constr. Corp.*, 210 AD2d 86, 87; *see generally Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544).

Entered:  June 10, 2016                        Frances E. Cafarell
                                               Clerk of the Court