Appeal from an order of the Supreme Court, Oneida County (Norman I. Siegel, J.), entered November 17, 2014. The order, among other things, granted the cross motion of plaintiff for partial summary judgment pursuant to Labor Law § 240 (1).
It is hereby ordered that the order so appealed from is modified on the law by denying plaintiffs cross motion for partial summary judgment on liability under Labor Law § 240 (1) and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he allegedly sustained while working on a cell phone tower owned by defendant American Tower, L.P. and leased to New Cingular Wireless PCS, LLC, sued herein as defendant AT&T, Inc. (AT&T). Plaintiffs employer was hired by AT&T’s management company to service its towers, and plaintiff and a coworker were dispatched on the date of the accident to investigate and remedy an alarm indicating that the subject tower was not functioning properly. Plaintiff’s coworker conducted diagnostic tests from the ground while plaintiff climbed the tower to examine whether the malfunction related *1589 to one of six tower mounted amplifiers (TMAs) located on a boom extending out from the center pole of the tower at a height of approximately 180 feet. Plaintiff took approximately 20 to 30 minutes to climb to the top of the tower and, after he stopped to assess the situation, his coworker informed him that the alarm was likely the result of a broken TMA. In order to observe the TMA, plaintiff connected his shock absorbing lanyard to the tower, proceeded onto the boom, and then used two slings or “chokers” to lower himself to the TMA, which was about three or four feet below the boom. After plaintiff and his coworker determined that the TMA needed to be replaced, plaintiff intended to return to the center pole of the tower and set up a pulley to haul a replacement TMA up to his location. Plaintiff grabbed the slings and pulled himself upward, but he slipped and fell as he attempted to maneuver himself back onto the boom. According to plaintiff, when he fell, both slings latched around his wrists and caused a sudden “jerk and pull” movement, which allegedly caused his injuries. As relevant on appeal, Supreme Court granted plaintiff’s cross motion for partial summary judgment on liability under Labor Law § 240 (1) and denied that part of defendants’ cross motion for summary judgment dismissing the section 240 (1) cause of action.
Contrary to defendants’ contention, the court properly determined that plaintiff was engaged in a protected activity, i.e., repair, at the time of the accident. It is. well settled that section 240 (1) “ ‘does not apply to routine maintenance in a non-construction, non-renovation context’ ” (Ozimek v Holiday Val., Inc., 83AD3d 1414, 1415 [2011]). “[D]elin[e]atingbetween routine maintenance and repairs is frequently a close, fact-driven issue . . . , and [t]hat distinction depends upon whether the item being worked on was inoperable or malfunctioning prior to the commencement of the work . . . , and whether the work involved the replacement of components damaged by normal wear and tear” (Wolfe v Wayne-Dalton Corp., 133 AD3d 1281, 1282 [2015] [internal quotation marks omitted]).
Here, plaintiff testified that he never performed preventive maintenance on the towers, and that he and his coworkers were dispatched to a tower only when something was in need of repair (cf. Barbarito v County of Tompkins, 22 AD3d 937, 938-939 [2005], lv denied 7 NY3d 701 [2006]). Indeed, plaintiff’s submissions establish that an item on the tower was malfunctioning prior to commencement of the work, and that plaintiff was injured after climbing approximately 180 feet to conduct an investigation into the cause of the alarm and to remedy the malfunction (see Caraciolo v 800 Second Ave. Condominium, *1590 294 AD2d 200, 201-202 [2002]; Craft v Clark Trading Corp., 257 AD2d 886, 887 [1999]). Where, as here, “ ‘a person is investigating a malfunction, . . . efforts in furtherance of that investigation are protected activities under Labor Law § 240 (1)’ ” (Ozimek, 83 AD3d at 1415). We reject defendants’ contention that liability under section 240 (1) is foreclosed on the ground that the investigation had concluded and plaintiff was in the process of returning to the center pole to haul up the replacement TMA when the fall occurred (see Pakenham v Westmere Realty, LLC, 58 AD3d 986, 987-988 [2009]). As the Court of Appeals has emphasized, “ ‘it is neither pragmatic nor consistent with the spirit of the statute to isolate the moment of injury and ignore the general context of the work’ ” (Saint v Syracuse Supply Co., 25 NY3d 117, 124 [2015]). Further, the record does not support defendants’ contention that replacement of the TMA was necessitated by damage due to normal wear and tear (see PArente v 277 Park Ave. LLC, 63 AD3d 613, 614 [2009]; cf. Selak v Clover Mgt., Inc., 83 AD3d 1585, 1586-1587 [2011]). Plaintiff’s submissions thus establish that he was engaged in the repair of the TMA on the tower rather than routine maintenance, and we conclude that defendants failed to raise a triable issue of fact in that respect (see Wolfe, 133 AD3d at 1282-1283; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
We agree with defendants, however, that the court erred in granting plaintiffs cross motion for partial summary judgment on liability under section 240 (1). We therefore modify the order accordingly. It is well settled that, “[t]o succeed on a cause of action pursuant to Labor Law § 240 (1), the plaintiff must establish that an owner or contractor failed to provide appropriate safety devices at an elevated work site and that such violation of the statute was the proximate cause of his [or her] injuries” (Ramsey v Leon D. DeMatteis Constr. Corp., 79 AD3d 720, 722 [2010]; see Robinson v East Med. Ctr., LP, 6 NY3d 550, 554 [2006]; Felker v Corning Inc., 90 NY2d 219, 224-225 [1997]). “[A]n accident alone does not establish a Labor Law § 240 (1) violation or causation” (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289 [2003]). Moreover, “‘[t]he question of whether [a] device provided proper protection within the meaning of Labor Law § 240 (1) is ordinarily a question of fact, except in those instances where the unrefuted evidence establishes that the device collapsed, slipped or otherwise failed to perform its [intended] function of supporting the worker and his or her materials’ ” (Musselman v Gaetano Constr. Corp., 277 AD2d 691, 692 [2000]; see Trippi v Main-Huron, LLC, 28 AD3d 1069, 1070 [2006]).
*1591 Even assuming, arguendo, that plaintiff met his initial burden on his cross motion, we conclude that there are issues of fact whether the safety devices provided proper protection, and whether the absence of additional safety devices was a proximate cause of plaintiff’s injuries (see Ortiz v Turner Constr. Co., 28 AD3d 627, 629 [2006]; see also Ramsey, 79 AD3d at 722; Brown v Concord Nurseries, Inc., 37 AD3d 1076, 1077 [2007]). In opposition to plaintiff’s cross motion, defendants submitted an expert affidavit sufficient to raise an issue of fact whether the safety devices provided to plaintiff were adequate for his work (see Miller v Spall Dev. Corp., 45 AD3d 1297, 1298 [2007]). Although the deposition testimony of plaintiff and his coworker and the affidavit of plaintiff’s expert indicated that additional safety devices should have been provided, we conclude that the conflicting opinion of defendants’ expert raises an issue of fact whether the absence of other safety devices proximately caused plaintiff’s injuries (see Scribner v State of New York, 130 AD3d 1207, 1209-1210 [2015]; Kropp v Town of Shandaken, 91 AD3d 1087, 1090 [2012]; Miller, 45 AD3d at 1298).
All concur except Whalen, P.J., and Lindley, J., who dissent and vote to affirm in accordance with the following memorandum.