# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**172**
**CA 16-00813**
PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

STEPHEN M. JONES, PLAINTIFF-APPELLANT,

V             MEMORANDUM AND ORDER

NAZARETH COLLEGE OF ROCHESTER, LECHASE
CONSTRUCTION SERVICES, LLC, AND BILLITIER
ELECTRIC, INC., DEFENDANTS-RESPONDENTS.
------------------------------------------
NAZARETH COLLEGE OF ROCHESTER AND LECHASE
CONSTRUCTION SERVICES, LLC, THIRD-PARTY
PLAINTIFFS-RESPONDENTS,

V

CROSBY-BROWNLIE, INC., THIRD-PARTY
DEFENDANT-RESPONDENT.

---

SMITH, MINER, O'SHEA & SMITH, LLP, BUFFALO (CARRIE L. SMITH OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

THE TARANTINO LAW FIRM, LLP, BUFFALO (TAMSIN J. HAGER OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS AND THIRD-PARTY PLAINTIFFS-RESPONDENTS.

HURWITZ & FINE, P.C., BUFFALO (DAVID R. ADAMS OF COUNSEL), FOR
THIRD-PARTY DEFENDANT-RESPONDENT.

---

  Appeal from an order of the Supreme Court, Genesee County (Robert
C. Noonan, A.J.), entered December 10, 2015. The order, inter alia,
denied plaintiff's motion for partial summary judgment on the issue of
liability with respect to the Labor Law § 240 (1) cause of action.

  It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

  Memorandum: Plaintiff commenced this Labor Law and common-law
negligence action seeking damages for injuries he sustained when he
fell from an A-frame ladder. We conclude that Supreme Court properly
denied plaintiff's motion for partial summary judgment on the issue of
liability with respect to the Labor Law § 240 (1) cause of action. At
the time of the accident, plaintiff was using a 10-foot A-frame ladder
to install flashing around a duct. The ladder was folded shut and
leaning against the wall while plaintiff was using it. Just before
the accident, he was using both hands to take a measurement above his
head, while standing on "the fourth or fifth rung" of the ladder,

which was "at least four feet off the floor."  As he extended his tape measure, he felt a strong electric shock to his left arm and he fell off the ladder.

Contrary to plaintiff's contention, we conclude that the court properly denied the motion.  "[T]here are questions of fact . . . whether . . . the ladder, which was not shown to be defective in any way, failed to provide proper protection, and whether . . . plaintiff should have been provided with additional safety devices" (*Gange v Tilles Inv. Co.*, 220 AD2d 556, 558; *see Nazario v 222 Broadway, LLC*, 28 NY3d 1054, 1055; *Grogan v Norlite Corp.*, 282 AD2d 781, 782-783; *Donovan v CNY Consol. Contrs.*, 278 AD2d 881, 881).