Provens v Ben-Fall Dev., LLC (2018 NY Slip Op 05426)





Provens v Ben-Fall Dev., LLC


2018 NY Slip Op 05426


Decided on July 25, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND TROUTMAN, JJ.


805 CA 17-02123

[*1]JOHN O. PROVENS AND JENNIFER PROVENS, PLAINTIFFS-APPELLANTS-RESPONDENTS,
v
BEN-FALL DEVELOPMENT, LLC, MARC-MAR HOMES, INC., AND DAVID ALEN SATTORA, DOING BUSINESS AS DAVID SATTORA SIDING, DEFENDANTS-RESPONDENTS-APPELLANTS. 






MICHAELS & SMOLAK, P.C., AUBURN (MICHAEL G. BERSANI OF COUNSEL), FOR PLAINTIFFS-APPELLANTS-RESPONDENTS.
CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (MICHAEL M. CHELUS OF COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS BEN-FALL DEVELOPMENT, LLC AND MARC-MAR HOMES, INC. 
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, ROCHESTER (MATTHEW A. LENHARD OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT DAVID ALEN SATTORA, DOING BUSINESS AS DAVID SATTORA SIDING. 


 Appeal and cross appeals from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered September 27, 2017. The order, among other things, denied plaintiffs' motion for partial summary judgment and granted in part and denied in part the cross motion of defendant David Alen Sattora, doing business as David Sattora Siding, for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting plaintiffs' motion, denying that part of the cross motion of defendant David Alen Sattora, doing business as David Sattora Siding, with respect to the Labor Law § 241 (6) cause of action against him and reinstating that cause of action to that extent, and granting that part of the cross motion of defendant David Alen Sattora, doing business as David Sattora Siding, with respect to the cross claims of defendants Ben-Fall Development, LLC and Marc-Mar Homes, Inc., and dismissing those cross claims, and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking to recover damages under, inter alia, Labor Law §§ 200, 240 (1), and 241 (6) for injuries that John O. Provens (plaintiff) sustained when he fell from a roof on which he had been working. As limited by their brief, plaintiffs appeal from an order to the extent that it denied their motion for partial summary judgment on liability under section 240 (1) and granted that part of the cross motion of defendant David Alen Sattora, doing business as David Sattora Siding (hereafter, Sattora), for summary judgment dismissing the Labor Law § 241 (6) cause of action against him. Defendants Ben-Fall Development, LLC, the property owner, and Marc-Mar Homes, Inc., the construction manager (collectively, Ben-Fall defendants), cross-appeal from that part of the same order that denied their motion for summary judgment on their cross claim against Sattora for contractual indemnification. As limited by his brief, Sattora, the roofing contractor who subcontracted to plaintiff's employer the work in which plaintiff was engaged at the time of his accident, also cross-appeals from the same order insofar as it denied those parts of his cross motion for summary judgment dismissing the Labor Law § 240 (1) cause of action against him and for summary judgment dismissing the cross claims for contractual and common-law indemnification.
Addressing first plaintiffs' appeal and Sattora's cross appeal with respect to the Labor Law § 240 (1) cause of action, we agree with plaintiffs that Supreme Court erred in denying their [*2]motion, and we therefore modify the order accordingly. "Plaintiff[s] met [their] initial burden by establishing that [plaintiff's] injury was proximately caused by the failure of a safety device to afford him proper protection from an elevation-related risk" (Raczka v Nichter Util. Constr. Co., 272 AD2d 874, 874 [4th Dept 2000]). "[T]he question of whether [a] device provided proper protection within the meaning of Labor Law § 240 (1) is ordinarily a question of fact, except in those instances where the unrefuted evidence establishes that the device collapsed, slipped or otherwise failed to perform its [intended] function of supporting the worker and his or her materials" (Cullen v AT & T, Inc., 140 AD3d 1588, 1590 [4th Dept 2016] [internal quotation marks omitted]; see Flowers v Harborcenter Dev., LLC, 155 AD3d 1633, 1634 [4th Dept 2017]). Here, plaintiffs established that, on the morning of the accident, plaintiff had been instructed to work on a pitched roof on which "toe boards," i.e., two- by six-inch boards nailed directly to the roof approximately two to three feet up from the bottom edge of the roof, had already been installed, and defendants failed to submit non-speculative evidence to the contrary. There is no dispute that the toe boards detached from the roof while plaintiff was working, causing him to fall and sustain injuries. The failure of that safety device constituted a violation of Labor Law
§ 240 (1) as a matter of law (see Cullen, 140 AD3d at 1590; see generally Striegel v Hillcrest Hgts. Dev. Corp., 100 NY2d 974, 976-978 [2003]), and that violation was, at minimum, " a contributing cause of [plaintiff's] fall' " (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287 [2003]; see Sims v City of Rochester, 115 AD3d 1355, 1355 [4th Dept 2014]). Thus, contrary to defendants' contentions, plaintiff's alleged failure to utilize other safety devices available on the job site, including his alleged failure to reinstall the toe boards with additional supporting roof jacks, raises no more than an issue of contributory negligence (see Fronce v Port Byron Tel. Co., Inc., 134 AD3d 1405, 1407 [4th Dept 2015]; Garzon v Viola, 124 AD3d 715, 716-717 [2d Dept 2015]; Portes v New York State Thruway Auth., 112 AD3d 1049, 1051 [3d Dept 2013], lv dismissed 22 NY3d 1167 [2014]).
We further agree with plaintiffs on their appeal that the court erred in granting Sattora's cross motion with respect to the Labor Law § 241 (6) cause of action, and we therefore further modify the order accordingly. Initially, we reject Sattora's contention that plaintiffs lack standing to challenge the court's determination to that extent because they failed to oppose that part of Sattora's cross motion and thus were not aggrieved parties (cf. Capretto v City of Buffalo, 124 AD3d 1304, 1305 [4th Dept 2015]). In his cross motion, Sattora contended that, because plaintiff's conduct was the sole proximate cause of his accident and Sattora never supervised or controlled plaintiff's work, not only should the Labor Law §§ 240 (1) and 200 causes of action be dismissed, but "[p]laintiffs' cause of action under Labor Law § 241 (6) must also be dismissed." Plaintiffs opposed that contention and, as noted above, established that plaintiff's conduct was not the sole proximate cause of his accident. Plaintiffs therefore never abandoned that contention and are aggrieved by the court's ruling (cf. Capretto, 124 AD3d at 1305; Donna Prince L. v Waters, 48 AD3d 1137, 1138 [4th Dept 2008]).
We conclude that the court erred in dismissing plaintiffs' Labor Law § 241 (6) cause of action on the ground that plaintiffs "failed to establish with any specificity which section of the Industrial Code [d]efendants allegedly violated." Sattora neither raised that contention in his cross motion nor established his prima facie entitlement to dismissal of that cause of action on any ground. Thus, the burden never shifted to plaintiffs to address their claim of regulatory violations (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). In any event, plaintiffs' second supplemental verified bill of particulars, incorporated by reference into Sattora's submissions on his cross motion, specified the regulations allegedly violated by defendants.
With respect to defendants' cross appeals, we agree with Sattora that he is entitled to summary judgment dismissing the Ben-Fall defendants' cross claims for common-law and contractual indemnification. Thus, we further modify the order by granting that part of Sattora's cross motion.
"[T]o establish a claim for common-law indemnification, the one seeking indemnity must prove not only that it was not guilty of any negligence beyond the statutory liability but must also prove that the proposed indemnitor was guilty of some negligence that contributed to the causation of the accident" (Grove v Cornell Univ., 151 AD3d 1813, 1816 [4th Dept 2017] [internal quotation marks omitted]; see Foots v Consolidated Bldg. Contrs., Inc., 119 AD3d 1324, 1327 [4th Dept 2014]). The Ben-Fall defendants contend on appeal that they were free [*3]from any negligence contributing to plaintiff's accident; however, they do not dispute the court's determination that Sattora was not actively negligent as a matter of law. Thus, the Ben-Fall defendants' common-law indemnification cross claim must be dismissed regardless of whether they established their own freedom from negligence as a matter of law.
With respect to the issue of contractual indemnification, "[w]hen a party is under no legal duty to indemnify," such as here where Sattora has no common-law indemnification obligation, "a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (Hooper Assoc. v AGS Computers, 74 NY2d 487, 491 [1989]; see McKay v Weeden, 148 AD3d 1718, 1722 [4th Dept 2017]). An indemnification obligation "should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances" (Hooper Assoc., 74 NY2d at 491-492).
Here, defendants agree that the only written agreement between them is a 2011 "Addendum to Contract" (Addendum), which obligates Sattora to indemnify the Ben-Fall defendants "from and against any and all suits, actions, liabilities, damages, professional fees, including attorneys' fees, costs, court costs, expenses, disbursements or claims of any kind or nature for injury to or death of any person . . . arising out of or in connection with the performance of the Work of the Contractor." The "Work" is defined by the Addendum, however, as those services "more fully described in the contract, invoice, purchase order or other attached document referencing the Contractor's work and services to be provided, which is incorporated by reference herein and made a part hereof." Thus, we agree with Sattora that the plain language of the Addendum limits the indemnification agreement to only certain work of Sattora, i.e., work for which defendants had a written agreement or record that was contemporaneously executed with the execution of the Addendum (cf. Hooper Assoc., 74 NY2d at 491-492; see generally Greenfield v Philles Records, 98 NY2d 562, 569 [2002]). Inasmuch as the Ben-Fall defendants do not dispute that no written contract or other record was ever executed between defendants for Sattora's performance of the relevant roofing work, there is no valid indemnification agreement between defendants for any claims arising out of or in connection with that work. The court therefore erred in denying that part of Sattora's cross motion seeking dismissal of the contractual indemnification cross claim.
Entered: July 25, 2018
Mark W. Bennett
Clerk of the Court