■ PATRICK VANRIEL, Plaintiff, v A. WEISSMAN REAL ESTATE et al., Respondents, et al., Defendants. MRT CONSTRUCTION, Third-Party Plaintiff-Respondent, v VETAGIN GEORGE SMART et al., Third-Party Defendants-Appellants. [725 NYS2d 514] —Judgment, Supreme Court, Bronx County (Jerry Crispino, J.), entered on or about March 21, 2000, which, upon a jury verdict, awarded defendants Sun Chemical Corporation, A. Weissman Real Estate and defendant and third-party plaintiff MRT Construction (MRT) full common-law indemnification against third-party defendants Vetagin George Smart and Modern Wood Working, Inc. (Smart), unanimously affirmed, with costs.

Plaintiff in this personal injury action fell from a scaffold and sustained injuries while working for Smart, a subcontractor at a construction site owned by Sun Chemical Corporation and managed by A. Weissman Real Estate. Plaintiff moved for summary judgment on the issue of liability on his Labor Law § 240 (1) claim and MRT, the general contractor at the construction site, Sun, Weissman and Smart all cross-moved for summary judgment dismissing the complaint. In support of its cross motion, Smart argued that plaintiff was its employee, that the scaffold from which plaintiff fell was not defective and that plaintiff's fall was caused by his own failure to lock the wheels of the scaffold. MRT, Sun and Weissman then cross-moved seeking indemnification from Smart. The motion court denied plaintiff's motion and the cross motions but this Court modified to the extent of granting plaintiff's summary judgment motion on the issue of liability since "the scaffold on which he was working did not prevent him from falling" (262 AD2d 56).

At the outset of the trial to determine the indemnification issues, the trial court properly deemed Smart's arguments, made in support of its cross motion for summary judgment seeking to dismiss plaintiff's complaint, to be judicial admissions and precluded Smart from introducing evidence contradicting these admissions (*see, Walsh v Pyramid Co.*, 228 AD2d 259).

Following the trial, where the jury found that Smart alone directed and controlled the work in the course of which plaintiff was injured, the court properly granted MRT, Sun and Weissman's motions for common-law indemnification.

We have considered Smart's remaining contentions and find

them unavailing. Concur—Sullivan, P. J., Nardelli, Williams, Rubin and Marlow, JJ.