■ Lovell W. Campbell, Respondent-Appellant, v Columbus Centre LLC et al., Appellants-Respondents. [852 NYS2d 89]—

Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered February 1, 2007, which granted plaintiff's motion for summary judgment on the issue of liability on his cause of action pursuant to Labor Law § 240 (1) and denied plaintiff's motion on his claims pursuant to Labor Law §§ 200, 241 (5) and § 241 (6), and denied defendants' cross motion for summary judgment dismissing the complaint, unanimously modified, on the law, to the extent of granting plaintiff's motion on the Labor Law § 241 (6) cause of action and on the Labor Law § 200 claim as against defendant Bovis Lend Lease Holdings, Inc. (Bovis), and granting defendants' cross motion to the extent of dismissing the Labor Law § 241 (5) cause of action, and otherwise affirmed, without costs.

Summary judgment was properly granted to plaintiff on the Labor Law § 240 (1) claim in this action where plaintiff suffered

injuries when, in the course of unloading sheetrock from the hoist that had been used to deliver the material to the 37th floor of the building under construction, the hoist suddenly dropped down the shaft, thereby causing him to fall approximately 13 stories. Although differing versions have been offered concerning what exactly transpired in the moments prior to plaintiff's fall, the evidence establishes that the shaft's safety bar was not engaged when the hoist went down with a coworker still inside and plaintiff was pulled down with it (*see Sharp v Scandic Wall Ltd. Partnership*, 306 AD2d 39, 40 [2003]). Had the gate and safety bar been in place when the hoist dropped, plaintiff would not have fallen regardless of which way he leaned or where he was looking. Accordingly, there is no reasonable view of the evidence by which plaintiff may be said to have been the sole proximate cause of his accident (*see Vergara v SS 133 W. 21, LLC*, 21 AD3d 279 [2005]).

Summary judgment should also have been granted to plaintiff on his claim pursuant to Labor Law § 241 (6), where the record reveals that there was a failure to comply with the sufficiently specific Industrial Code (12 NYCRR) § 23-6.3 (d) (4), requiring that the gates at a hoistway entrance be kept closed when the car is not at such entrance. The record evidence further establishes plaintiff's entitlement to summary judgment on his section 200 claim as against Bovis, which clearly had supervisory control over the operator of the hoist and the signalmen who worked with him, as both were employed by Bovis, the construction manager on the project (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352-353 [1998]; *Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]).

Furthermore, the evidence demonstrates that plaintiff has no viable claim under Labor Law § 241 (5), which relates to the construction of a material hoist as opposed to its operation, and accordingly, defendants' cross motion is granted to the extent of dismissing that claim.

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Mazzarelli, J.P., Williams, Sweeny, Catterson and Moskowitz, JJ.