■ CHRISTOPHER RICH, Respondent, v WEST 31ST STREET ASSOCIATES, LLC, et al., Appellants. [938 NYS2d 20]—

Plaintiff, an ironworker, was injured while working at a construction site where four hoists had been installed to carry personnel and equipment necessary to erect a 58-story building. While plaintiff was riding one of the hoists, it began to function erratically, stopping and starting again. Ultimately, the hoist free fell into the sub-basement, coming to rest on the springs on the bottom of the hoist way.

Plaintiff moved for summary judgment on his claim pursuant to Labor Law § 240 (1) and defendants, the owner of the building and the construction manager, cross-moved for summary judgment dismissing all of plaintiff's claims. The unrefuted evidence establishes that the hoist came to a stop only when it reached the emergency cushion springs located in the sub-basement, an event which does not constitute normal and safe operation of the hoist. The hoist mechanism proved inadequate to shield plaintiff from the harm directly flowing from the application of the force of gravity and thus summary judgment on plaintiff's section 240 (1) claim was properly granted (*see Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 604 [2009]; *Williams v 520 Madison Partnership*, 38 AD3d 464 [2007]). Although the hoist's safety mechanism engaged, and prevented plaintiff and his coworkers from suffering more serious injuries, this does not defeat plaintiff's entitlement to summary judgment (*see Lopez v Boston Props. Inc.*, 41 AD3d 259 [2007]; *Kyle v City of New York*, 268 AD2d 192 [2000], *lv denied* 97 NY2d 608 [2002]). Moreover, neither a lack of certainty as to exactly what preceded the accident nor the fact that plaintiff did not point to a specific defect in the hoist creates an issue of fact (*see Arnaud v 140 Edgecomb LLC*, 83 AD3d 507 [2011]).

The court also properly granted summary judgment to plaintiff on his Labor Law § 241 (6) claim. While a party is

permitted to plead inconsistent theories of recovery (CPLR 3014), a litigant must elect among inconsistent positions upon seeking expedited disposition. Having previously advanced the position that the accident was caused by an unlicensed operator, a violation of the Industrial Code that forms the basis for plaintiff's Labor Law claim, defendants cannot obtain relief on the newly advanced ground that there is no evidence that the absence of a certified elevator operator was the proximate cause of the accident (see Unisys Corp. v Hercules Inc., 224 AD2d 365, 367 [1996]; Vanriel v A. Weissman Real Estate, 283 AD2d 260 [2001]).

The motion court appears to have granted plaintiff summary judgment on his section 241 (6) claim based, in part, on a mistaken belief that plaintiff had moved for such relief when he had not. However, such relief was warranted in light of the arguments and evidence proffered by defendants and may be granted to a nonmoving party upon a search of the record (CPLR 3212 [b]).

It was error for the court to grant summary judgment in favor of plaintiff on his common-law negligence and Labor Law § 200 claims, as questions of fact exist precluding summary disposition of these claims. Further, defendant 125 West 31st Street Associates, LLC, the owner, was entitled to summary judgment dismissing these claims as against it, as the evidence established that the owner neither controlled the work nor, to the extent the accident can be considered to have arisen from a premises defect, had notice of that premises defect. However, defendant Gotham Construction Company, LLC, the general contractor, was not entitled to summary judgment on the common-law negligence and Labor Law § 200 claims as against it, since issues of fact exist as to whether, among other things, the accident was caused in part by a Gotham employee's negligence in permitting unauthorized persons to operate the hoist.

We have considered defendants' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and Román, JJ.