■ Cyrus Davila et al., Appellants, v City of New York et al., Respondents. [946 NYS2d 20]—

Judgment, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered April 29, 2011, dismissing the complaint, and bringing up for review an order, same court and Justice, entered February 9, 2011, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants satisfied their initial burden by establishing prima facie that they had received no complaints or other indication that the door at issue was defective and thus, had neither actual nor constructive notice of such defect. The only evidence that the door was defective was the testimony of plaintiff and his brother that the doors were heavy and the fact that they closed with enough force to injure plaintiff. Summary judgment on the issue of dangerous condition therefore was properly granted to defendant (*Hunter v Riverview Towers*, 5 AD3d 249, 250 [2004] ["that the door was defective, or improperly maintained, cannot be inferred merely from the fact that it could be opened fast enough, or hard enough, to knock plaintiff down. Such inference, absent any other evidence of a defect, is too speculative to impose liability"]).

Further, plaintiff failed to raise an issue of fact as to actual notice. Plaintiff's only supporting testimony was his brother's statement that many years before he had mentioned to an unnamed teacher that the doors were hard for him to open. More importantly, there was no evidence that the doors were in the same condition, as the brother had not used them in years (*see DeCarlo v Village of Dobbs Ferry*, 36 AD3d 749, 750 [2007]).

The evidence of constructive notice was also insufficient. Plaintiff relied on the alleged slamming of the doors. However, he himself testified that the doors closed slowly for the first half of the time they closed, and then were unimpeded for the rest of the way. This would preclude the unusually loud slamming alleged. Further, it would present no notice of a defect, beyond the fact that the doors were heavy and closed quickly.

Finally, plaintiff may not add a new theory of liability for the first time on appeal (*see Fleming v City of New York*, 89 AD3d 405 [2011]). Concur—Tom, J.P., Andrias, Catterson, Acosta and Manzanet-Daniels, JJ.