■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD HORNE, Appellant. [961 NYS2d 354]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Gregory Carro, J.), rendered on or about April 27, 2011, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur— Gonzalez, P.J., Mazzarelli, Renwick, Richter and Gische, JJ.

■ FRANK AGRESTI et al., Respondents, v SILVERSTEIN PROPERTIES, INC., Defendant, and 1 WORLD TRADE CENTER LLC et al., Appellants. [959 NYS2d 915]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered June 14, 2012, which granted plaintiffs' motion for partial summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action as against defendants 1 World Trade Center LLC and Tishman Construction Corporation, unanimously affirmed, without costs.

Plaintiff was injured when an improvised scaffold being used by two workers between two and five feet above plaintiff's head collapsed causing a wooden plank to fall and strike plaintiff in the head. Partial summary judgment in favor of plaintiff on his Labor Law § 240 (1) claim was proper since an enumerated safety device, namely, the makeshift scaffold, proved inadequate to shield plaintiff from "the harm flow[ing] directly from the application of the force of gravity" (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 604 [2009]). Moreover, the lack of certainty as to exactly what preceded the accident or the fact that plaintiff failed to point to a specific defect in the scaffold does not require denial of the motion (*see Rich v West 31st St. Assoc., LLC*, 92 AD3d 433 [1st Dept 2012]). Concur—Gonzalez, P.J., Mazzarelli, Renwick, Richter and Gische, JJ.