■ NAJIF CHOUDHURY, an Infant, by His Father and Natural Guardian, MOHAMMED A. CHOUDHURY, et al., Appellants, v CITY OF NEW YORK et al., Respondents. [966 NYS2d 6]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered January 19, 2012, which granted defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny that portion of the motion seeking dismissal of the negligent supervision claim and plaintiff father's derivative claim as against defendants Board of Education and Department of Education, and otherwise affirmed, without costs.

According to plaintiffs' notice of claim, the infant plaintiff was injured after a door in a bathroom attached to his classroom closed on his middle finger, severing it.

The court properly dismissed the action as against defendant City of New York, since it was an improper party to the action (*see Perez v City of New York*, 41 AD3d 378, 379 [1st Dept 2007], *lv denied* 10 NY3d 708 [2008]).

The court properly granted the remaining defendants' motion for summary judgment dismissing the claim of negligent maintenance. The school's custodial engineer testified that there had been no repairs made or complaints received regarding the bathroom door prior to the accident. Accordingly, defendants made a prima facie showing that they did not create or have actual or constructive notice of the alleged hazard (*see Davila v City of New York*, 95 AD3d 560, 561 [1st Dept 2012]). In opposition, plaintiffs failed to raise an issue of fact (*see id.*).

However, the court should not have dismissed plaintiffs' claim that defendants negligently supervised the infant plaintiff. The testimony of the custodial engineer indicating what the infant plaintiff's teacher told her about the accident was hearsay, and therefore insufficient to support the motion for summary judgment (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In addition, issues of fact exist as to the adequacy of the supervision provided by the school and whether any lack of supervision proximately caused the infant plaintiff's injury (*see e.g. Shoemaker v Whitney Point Cent. School Dist.*, 299 AD2d 719, 720 [3d Dept 2002], *appeal dismissed* 99 NY2d 610 [2003]).

Concur—Mazzarelli, J.P., Saxe, Moskowitz and Manzanet-Daniels, JJ.