(December 19, 2013)

■ ANTHONY SANTIAGO, Appellant, v BURLINGTON COAT FACTORY et al., Respondents. [977 NYS2d 232]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered July 6, 2012, which, insofar as appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action, unanimously affirmed, without costs.

Plaintiff, an HVAC serviceman, was injured when he fell from a ladder that had been provided by defendants. Defendants established their entitlement to judgment as a matter of law on the common-law negligence and Labor Law § 200 causes of action by submitting evidence showing that they had received no complaints concerning the ladder, which, according to the store manager, had rubber feet on it (*see Davila v City of New York*, 95 AD3d 560 [1st Dept 2012]).

Plaintiff failed to raise a triable issue of fact. Plaintiff testified that he inspected the ladder on the date of his accident, determined that it looked safe, and could not recall whether the ladder was missing its rubber feet. The affidavit of his supervi-

sor was speculative concerning a ladder the supervisor allegedly complained about in the past (*see Flynn v 835 6th Ave. Master L.P.*, 107 AD3d 614 [1st Dept 2013]). Moreover, the report of plaintiff's expert fails to raise a triable issue of fact. The report is unsworn and the expert's findings were based upon photographs taken some time after the accident (*see Gilson v Metropolitan Opera*, 15 AD3d 55, 59 [1st Dept 2005], *affd* 5 NY3d 574 [2005]). Since there was no evidence adduced that the ladder was in the same condition as it was on the date of the accident, the expert's findings were conclusory (*see Matter of Aetna Cas. & Sur. Co. v Barile*, 86 AD2d 362, 364 [1st Dept 1982]). Concur—Gonzalez, P.J., Tom, Renwick, Freedman and Clark, JJ.