■ WALDEMAR STROJEK, Respondent, v 33 EAST 70TH STREET CORP., Appellant. (And Third-Party Actions.) [10 NYS3d 12]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered October 9, 2014, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action, unanimously affirmed, without costs.

Plaintiff established his entitlement to judgment as a matter of law on the issue of liability in this action where he sustained injuries when, while performing asbestos removal work in a building owned by defendant, he fell from a baker's scaffold. Plaintiff's testimony that he was standing on the scaffold working, and then woke up on the ground with the scaffold tipped over near him, established a prima facie violation of the statute and that such violation proximately caused his injuries (*see Zengotita v JFK Intl. Air Term., LLC*, 67 AD3d 426 [1st Dept 2009]; *Vergara v SS 133 W. 21, LLC*, 21 AD3d 279 [1st Dept 2005]). That plaintiff could not remember how he fell does not bar summary judgment (*see Augustyn v City of New York*, 95 AD3d 683 [1st Dept 2012]). Nor does the fact that he was the only witness raise an issue as to his credibility where, as here, his proof was not inconsistent or contradictory as to how the accident occurred, or with any other evidence (*see Goreczny v 16 Ct. St. Owner LLC*, 110 AD3d 465, 466 [1st Dept 2013]; *Weber v Baccarat, Inc.*, 70 AD3d 487, 488 [1st Dept 2010]).

In opposition, defendant failed to raise a triable issue of fact. The affidavit of its expert does not raise a triable issue as to the ceiling height and whether plaintiff could stand straight up as he claimed, since the expert's measurements were based on his inspection of the premises almost three years after the accident and asbestos removal work (*see Santiago v Burlington Coat Factory*, 112 AD3d 514, 515 [1st Dept 2013]). Furthermore, defendant submitted evidence acknowledging that it had erected storage crates in the room since the accident, and the expert did not provide measurements of the exact area where plaintiff fell. The expert's conclusion that the scaffold tipped over because plaintiff was trying to move it while remaining on it and by using the wall or ceiling as leverage, is speculative and unsupported by the evidence (*see Henningham v Highbridge Community Hous. Dev. Fund Corp.*, 91 AD3d 521 [1st Dept 2012]). Concur—Tom, J.P., Sweeny, Andrias, Moskowitz and Gische, JJ.