Whalen, P.J., and Lindley, J.
(dissenting). We respectfully dissent in part and would affirm because we conclude that Supreme Court properly granted plaintiff’s cross motion for partial summary judgment on liability under Labor Law § 240 (1). As noted by the majority, plaintiff was working on a cell phone tower approximately 180 feet above the ground with his full body harness tied off to a part of the tower, he had used “choker slings” that looked like “giant rubber band[s]” to lower himself down from a horizontal boom for access to a tower mounted amplifier, and he sustained injuries when the slings latched around his wrists and “jerk[ed]” him to a stop after he slipped and fell from the boom in the course of climbing back onto it. The record further establishes that prior to the accident plaintiff had asked his supervisor multiple times for additional safety equipment, including a “self-descending lanyard,” to enable him to “get down to where [he] needed to work,” that he had made a further request for a synthetic rope ladder to his employer’s “safety guy,” and that his requests were not granted. In addition, plaintiff testified at his deposition that it had been necessary for him to wrap the slings around his arms and support his own weight in order to pull himself to a position from which he could swing one foot onto *1592 the boom, whereas a rope ladder would have enabled him to “stabilize [him] self” and thus would have “made it a lot easier” to climb back onto the boom, and a self-descending lanyard would have “[done] all of the work” itself to raise and lower him.
In support of his cross motion, plaintiff submitted, inter alia, his deposition testimony and the affidavit of an expert who asserted that the use of the slings as described above exposed plaintiff to unreasonable danger, and that defendants’ failure to furnish additional safety equipment was a proximate cause of plaintiff’s injuries. In opposition to the cross motion, defendants submitted, inter alia, the affidavit of an expert who asserted that the equipment provided to plaintiff was consistent with industry standards, that the adequacy of the protection afforded was evident from “the fact that plaintiff did not fall to the ground when he lost his footing,” and that additional equipment “would not have provided plaintiff with any measure of safety materially different from” that which he already had.
In our view, plaintiff made a prima facie showing that the absence of necessary safety equipment, i.e., the inadequacy of the slings alone to protect him against elevation-related risks as he went back up to the boom, was a proximate cause of his injuries, and that he was therefore entitled to partial summary judgment on liability pursuant to Labor Law § 240 (1) (see Felker v Corning Inc., 90 NY2d 219, 224-225 [1997]; Gizowski v State of New York, 66 AD3d 1348, 1349 [2009]; see generally Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 97 [2015], rearg denied 25 NY3d 1195 [2015]), particularly in light of his unheeded requests for additional safety devices (see Keenan v Simon Prop. Group, Inc., 106 AD3d 586, 588-589 [2013]).
We also conclude that defendants failed to raise a triable issue of fact in opposition to plaintiff’s cross motion. Defendants made no showing that plaintiff misused or failed to use any safety device such that his own conduct may have been the sole proximate cause of his injuries (see Gallagher v New York Post, 14 NY3d 83, 88-89 [2010]; cf. Robinson v East Med. Ctr., LP, 6 NY3d 550, 554-555 [2006]), and we cannot agree with the majority that there is a reasonable view of the evidence in which plaintiff was provided with proper protection. The reliance on industry standards by defendants’ expert is unavailing because Labor Law § 240 (1) is a self-executing statute that sets its own standard for liability (see Zimmer v Chemung County Performing Arts, 65 NY2d 513, 523-524 [1985], rearg denied 65 NY2d 1054 [1985]; Cruz v Cablevision Sys. Corp., 120 AD3d 744, 746-747 [2014]), and the fact that plaintiff’s *1593 equipment “arrest [ed] his fall before he struck the ground” does not establish that it afforded proper protection inasmuch as it nonetheless “proved inadequate to shield him from gravity-related injuries” {Lopez v Boston Props. Inc., 41 AD3d 259, 260 [2007]; see Rich v West 31st St. Assoc., LLC, 92 AD3d 433, 434 [2012]). In other words, the intended function of the safety equipment used by plaintiff was to protect him against any type of gravity-related injury while he worked on the tower, and the fact that the slings themselves caused his injuries while he was using them as intended establishes that they failed to perform that function {cf. Trippi v Main-Huron, LLC, 28 AD3d 1069, 1070 [2006]).
Finally, to the extent that defendants’ expert opined that other devices would not have provided plaintiff with any greater protection than the slings provided, i.e., that the accident could have happened the same way even if other devices had been used, we conclude that his opinion is “based on speculation rather than record facts” and thus is insufficient to defeat plaintiff’s cross motion {Urbano v Rockefeller Ctr. N., Inc., 91 AD3d 549, 550 [2012]; see Strojek v 33 E. 70th St. Corp., 128 AD3d 490, 491 [2015]; Robinson v NAB Constr. Corp., 210 AD2d 86, 87 [1994]; see generally Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]).
Present — Whalen, P.J., Peradotto, Lindley, NeMoyer and Scudder, JJ.