Stang LLC v Hudson Sq. Hotel, LLC (2018 NY Slip Op 00807)





Stang LLC v Hudson Sq. Hotel, LLC


2018 NY Slip Op 00807


Decided on February 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2018

Richter, J.P., Mazzarelli, Webber, Kern, Oing, JJ.


653600/15 5626 5625 5624 5623

[*1]Stang LLC, etc., et al., Plaintiffs-Appellants,
v
Hudson Square Hotel, LLC, et al., Defendants-Respondents, Joel Braver, et al., Defendants.


D'Agostino, Levine, Landesman & Lederman, LLP, New York (Bruce H. Lederman of counsel), for appellants.
Oved & Oved LLP, New York (Edward C. Wipper of counsel), for Hudson Square Hotel, LLC, Rafi Gibly, Four Boys One Girl, LLC, Paolo Maldini, BB Max, LLC, Christian Vieri, Room 45, LLC, Andriy Shevchenko, Five Boys One Girl, Zinedine Zidane and Z Dream LLC, respondents.
Furman Kornfeld & Brennan LLP, New York (Andrew S. Kowlowitz of counsel), for Fred L. Seeman, respondent.
Lynch Rowin LLP, New York (Marc Rowin of counsel), for Edward J. Bullard, Jr. and Bullard Law Group PLLC, respondents.



Orders, Supreme Court, New York County (Anil C. Singh, J.), entered December 12, 2016, which, to the extent appealed from as limited by the briefs, granted the motions of defendants Fred L. Seeman, Edward J. Bullard, Jr., Bullard Law Group PLLC, Rafi Gibly, Paolo Maldini, Christian Vieri, Andriy Shevchenko, and Zinedine Zidane to dismiss the claims against them, and denied plaintiffs' cross motion for leave to amend their complaint, unanimously affirmed, with costs.
Contrary to plaintiffs' contention, the motion court did not engage in improper issue determination; rather, it applied the correct standards on a CPLR 3211 motion to dismiss.
The court correctly dismissed the unjust enrichment claims because there is a valid and enforceable operating agreement governing the subject matter of those claims (see Kramer v Greene, 142 AD3d 438, 441 [1st Dept 2016]).
Neither the complaint nor the proposed amended complaint contains a breach of fiduciary duty claim against Maldini. Plaintiffs "may not add a new theory of liability for the first time on appeal" (Davila v City of New York, 95 AD3d 560, 561 [1st Dept 2012]).
The breach of fiduciary duty claim was correctly dismissed as against Gibly. Such a claim must be pleaded with particularity (see CPLR 3016[b]), and neither the complaint nor the proposed amended complaint describes how Gibly breached his fiduciary duty before his resignation as Managing Member of defendant Hudson Square Hotel, LLC (Hudson Square). Further, although the complaint alleges that Gibly owed plaintiff Stang LLC a fiduciary duty, Gibly owed no such duty to plaintiffs 489 Southwest Canal St., Inc. and Avihu Gerafi, who were not members of Hudson Square (see Pokoik v Pokoik, 115 AD3d 428, 429 [1st Dept 2014]).
Plaintiffs failed to state a claim against the attorney defendants (Seeman, Bullard, and Bullard Law Group) for aiding and abetting Gibly's and Maldini's alleged breaches of fiduciary [*2]duty. The complaint contains no cause of action for aiding and abetting breach of fiduciary duty; the only aiding and abetting claim is for aiding and abetting fraud. While the proposed amended complaint contains a cause of action against the attorney defendants for aiding and abetting breach of fiduciary duty, it is for aiding and abetting breaches by other defendants, not Gibly and Maldini. Again, plaintiffs "may not add a new theory of liability for the first time on appeal" (Davila, 95 AD3d at 561).
Given the foregoing, plaintiffs also failed to state a derivative claim on behalf of Hudson Square against the attorney defendants for aiding and abetting Gibly's and Maldini's alleged breaches of fiduciary duty.
We will not consider plaintiffs' contention that they should be allowed to replead, as it is improperly raised for the first time in their reply brief (see e.g. Matter of Erdey v City of New York, 129 AD3d 546, 546-547 [1st Dept 2015]). Moreover,
plaintiffs failed to specify or discuss any cause of action with respect to their request (see e.g. Rivera v Anilesh, 32 AD3d 202, 204-205 [1st Dept 2006], affd 8 NY3d 627 [2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 6, 2018
CLERK