Santos v Monadnock Constr. Inc (2022 NY Slip Op 05966)

Santos v Monadnock Constr. Inc

2022 NY Slip Op 05966

Decided on October 25, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 25, 2022

Before: Webber, J.P., Singh, Moulton, González, Pitt, JJ. 

Index No. 30426/18E Appeal No. 16526 Case No. 2021-03260 

[*1]Jose Castillo Santos, Plaintiff-Respondent,
v
Monadnock Construction Inc. et al., Defendants-Appellants.

London Fischer LLP, New York (Brian A. Kalman of counsel), for appellants.
Jonathan A. Dachs/Shayne, Dachs, New York (Jonathan A. Dachs of counsel), for respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered August 2, 2021, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240(1) claim, and denied defendants' cross motion for summary judgment dismissing the claim, unanimously affirmed, without costs.
Plaintiff made a prima facie showing of entitlement to partial summary judgment on his Labor Law § 240 (1) claim through his testimony that the platform of the baker scaffold on which he was standing fell through its frame to the ground (see Hernandez v 767 Fifth Partners, LLC, 199 AD3d 484, 485 [1st Dept 2021]; Dyszkiewicz v City of New York, 194 AD3d 444, 445 [1st Dept 2021]). Plaintiff was not required to identify any prior problems with the scaffold, and the fact that he had been standing on it for an extended period of time before the accident was not dispositive (see Sanchez v 1 Burgess Rd., LLC, 195 AD3d 531, 531 [1st Dept 2021]). Similarly, the fact that plaintiff was the only witness to his accident did not preclude summary judgment in his favor (see Rroku v West Rac Contr. Corp., 164 AD3d 1176, 1177 [1st Dept 2018]).
Defendants' expert affidavit opining that plaintiff's account of how the accident occurred was physically impossible was insufficient to raise an issue of fact, as defendants failed to establish that the scaffold that the expert inspected was the same scaffold involved in the accident. The expert's assertion that his comparison of the scaffold he inspected with post-accident photographs of the one involved in the accident confirmed that they were the same is conclusory, and his sole reliance on a hearsay statement of an employee of defendant Monadnock Construction Inc. cannot defeat summary judgment (see Clarke v Empire Gen. Contr. & Painting Corp., 189 AD3d 611, 612 [1st Dept 2020]). In any event, even if the scaffold that was inspected was the one involved in the accident, defendants failed to establish that the scaffold was in the same condition as it was on the date of the accident three years earlier (see Santiago v Burlington Coat Factory, 112 AD3d 514, 515 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 25, 2022