**Petruso v 185 Broadway Owner LLC**

2024 NY Slip Op 31040(U)

March 29, 2024

Supreme Court, New York County

Docket Number: Index No. 157044/2021

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:**    <u>**HON. DAVID B. COHEN**</u> | **PART**         **58** |
| *Justice* | |

-------------------------------------------------------------------------------X

GIOVANNI PETRUSO,

                       Plaintiff,

           - v -

185 BROADWAY OWNER LLC, SL GREEN REALTY
CORP., S&E BRIDGE & SCAFFOLD LLC,

                       Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | <u>157044/2021</u> |
| **MOTION DATE** | <u>09/21/2023</u> |
| **MOTION SEQ. NO.** | <u>002 003</u> |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 109, 110, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 144, 145

were read on this motion to/for        <u>     SUMMARY JUDGMENT(AFTER JOINDER     </u>.

The following e-filed documents, listed by NYSCEF document number (Motion 003) 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 142

were read on this motion to/for          <u>         JUDGMENT - SUMMARY        </u>.

      In this Labor Law action, plaintiff moves for an order granting partial summary judgment against defendants 185 Broadway Owner LLC and SL Green Realty Corp. (collectively, Owner defendants) on the issue of liability under Labor Law §§ 240(1) and 241(6), against defendant S&E Bridge &Scaffold LLC (S&E) on his Labor Law §§ 200, 240(1), 241(6), and common-law negligence claims, and to strike defendants comparative fault affirmative defense (mot. seq. 002). Defendants move for an order granting summary judgment dismissing the complaint against them (mot. seq. 003). Both motions are opposed.

## I.     PERTINENT BACKGROUND

      This case arises out of two distinct but consecutive incidents that occurred on October 27, 2020, at a construction project at 185 Broadway in Manhattan, where plaintiff was allegedly

injured while operating the project's south hoist car and then while being transported in its north hoist car.

*Deposition Testimony of Plaintiff (NYSCEF 140*

Plaintiff testified that he was employed by non-party general contractor Pavirini McGovern (PMG) as a hoist car operator on the project. On October 27, 2020, while he was operating the south hoist car, it began to pick up speed, started swinging, and slammed into the side of a building causing plaintiff to be "whipped around" and "jolted back and forth", and his whole body made contact with the wall of the hoist car.

Plaintiff exited the south hoist car and contacted the operator of the north hoist car, who came to pick him up. While being transported in the north hoist car, the "hoist's safety mechanism failed, and [they] free fell and [they] crashed into the bottom of the concrete slab and [he] got knocked around."

*Deposition Testimony of Defendants & Expert Affidavits*

S&E was the project's hoist and scaffolding contractor responsible for maintaining, servicing, and repairing the hoist cars (NYSCEF 140).

S&E's hoist repair mechanic testified that around the time of the incident, he visited the site at least three times a week as the hoists were working nonstop carrying huge loads. On October 26, 2020, the day before the accident, he responded to a service call at the site, inspected both hoist cars, and replaced several rollers (NYSCEF 81 at 41-42,65; NYSCEF 140 at 12, 24). The mechanic returned on October 27, 2020, after the accident had occurred, and examined both hoists, and opined that the south car incident may have been caused by a short circuit and the north car incident may have been caused by a slow-down switch (*id*. at 73, 82-83n).

S&E's general foreman was in the north hoist car with the plaintiff during the second incident and testified that the car stopped "a little more abruptly than normal" (NYSCEF 80 at 156).

After reviewing records and inspecting the south hoist car in January 2021, defendant's first expert, a licensed engineer, opined that the "lift did not drop, fall, or even overspeed" during the first incident (NYSCEF 138 at 11). After reviewing records and inspecting both hoist cars in January 2021, the second expert, a biomechanical engineer, opined that the force involved in both incidents was within the normal safe operating parameters of a hoist (NYSCEF 139 at 13).

*Deposition Testimony of Non-Party Witnesses*

Several employees of non-party subcontractors were involved in the north hoist car incident. An Alubuild Construction employee testified that "instead of stopping the hoist, it just moved to the side and hit really hard on the bottom part of the hoist" (NYSCEF128 at 16).

An electrical worker employed by FSG Electric (FSG) was involved in both the south and north car incidents, and testified that the south hoist car became uncontrollable, "stopped real hard and it shaked (sic)" and that the north hoist car hit the ground hard (NYSCEF 83 at 19, 20). FSG's foreman testified that it was "like a free fall" and they were thrown around (NYSCEF 84 at 13,19), while FSG's project manager testified that the north hoist car came to an abrupt stop (NYSCEF 88 at 22). An FSG electrical worker testified that the car dropped and hit something on the bottom (NYSCEF 85 at 42).

## II.     ANALYSIS

A party moving for summary judgment under CPLR 3212 "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320,

324 [1986]). The "facts must be viewed in the light most favorable to the non-moving party" (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012] [internal quotation marks and citation omitted]).

Once the moving party has met this prima facie burden, the burden shifts to the non-moving party to furnish evidence in admissible form sufficient to raise a material issue of fact (*Alvarez*, 68 NY2d at 324). The moving party's "[f]ailure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (*id.*).

### A. Labor Law § 240(1)

Plaintiff argues that he is entitled to judgment as a matter of law on his Labor Law § 240(1) claim because defendants failed to provide him with proper protection against harm directly flowing from the application of the force of gravity on the hoist cars, which malfunctioned and caused him injury. Defendants contend that plaintiff was not exposed to a gravity-related risk because redundant safety devices functioned properly, allowing the hoists to come to a stop without disrupting their normal and safe operation.

Labor Law § 240(1) imposes a nondelegable duty on owners, contractors, and their agents to protect workers from risk inherent in elevated work sites. To succeed on a cause of action pursuant to Labor Law § 240(1), the plaintiff must establish that an owner or contractor failed to provide appropriate safety devices at an elevated work site and that such violation was the proximate cause of his injuries (*see Rivas v Seward Park Hous. Corp.*, 219 AD3d 59, 63 [1st Dept 2023] [internal quotation marks and citations omitted]).

Plaintiff has established his entitlement to partial summary judgment on his Labor Law § 240(1) claim as it undisputed that the hoists malfunctioned during the incidents. Multiple non-party witnesses, in addition to plaintiff and defendants' own witness, provided unrefuted

testimony that the south hoist car became uncontrollable, stopped hard, and shook, while the north hoist car came to an abrupt stop. Such malfunctions are covered incidents under Labor Law § 240(1) (*see e.g., Ladd v Thor 680 Madison Ave. LLC*, 212 AD3d 107 [1st Dept 2022] [hoist is enumerated safety device and Labor Law § 240(1) is violated when it proves inadequate in keeping plaintiff safe while engaging in elevation-related activity]; *Rich v 125 W. 31st St. Assocs., LLC*, 92 AD3d 422 [1st Dept 2012] [plaintiff granted summary judgment as he was injured when hoist in which he was riding began to function erratically, stopping and starting again, and ultimately free falling into basement and coming to rest on springs at bottom]; *Campbell v Columbus Centre LLC*, 48 AD3d 323 [1st Dept 2008] [plaintiff properly granted summary judgment on Labor Law § 240(1) claim where hoist suddenly dropped down shaft, causing plaintiff to fall]).

Moreover, the fact that the redundant safety devices may have worked and kept plaintiff from sustaining more injury is irrelevant (*see Rich*, 92 AD3d 433 ["although the hoist's safety mechanism engaged, and prevented plaintiff and his coworkers from suffering more serious injuries, this does not defeat plaintiff's entitlement to summary judgment"]).

While defendants rely on their experts' opinions to argue that neither malfunction disrupted the normal and safe operation of the hoists, the opinions about how the hoists performed on the day of the incidents are speculative as neither expert observed the incidents and both examined the hoists months after the incidents occurred (*see Serrano v TED Gen. Contr.*, 157 AD3d 474, 474 [1st Dept 2018] [finding expert testimony speculative where it was not based on conditions at time of accident and thus insufficient to rebut plaintiffs credible testimony]; *Santiago v Burlington Coat Factory*, 112 AD3d 514 [1st Dept 2013] [as no evidence that expert

inspected ladder when it was in same condition as it was on accident date, expert's findings conclusory]).

Defendants thus fail to raise a triable issue as to their liability under Labor Law § 240(1), and, therefore, plaintiff's motion for summary judgment on this claim is granted, and defendants' motion for summary dismissal of the claim is denied.

B.      Labor Law § 241(6)

As plaintiff is entitled to summary judgment on liability on his Labor Law § 240(1) claim, it is unnecessary to address his Labor Law § 241(6) claim as his damages are the same under either theory of liability and he may only recover once, thereby rendering the issue academic (*see Cronin v NY City Tr. Auth.*, 143 AD3d 419, 420 [1st Dept 2016]).  However, to aid any potential appellate review, it is addressed.

Plaintiff alleges that defendants violated multiple sections of the Industrial Code, and contends that he is entitled to judgment as a matter of law under Labor Law § 241(6) based on defendants' violation of 12 NYCRR § 23-7.2(g).  Defendants oppose and move to dismiss plaintiff's Labor Law § 241(6) claim based on all of plaintiffs' pleaded violations (NYSCEF 92).

To the extent plaintiff's opposition relies on the Industrial Code provisions addressed herein, the remaining provisions enumerated in the Bill of Particulars are deemed waived (*see Cardenas v One State St., LLC*, 68 AD3d 436, 438 [1st Dept 2009]).

Labor Law § 241(6) imposes a nondelegable duty on premises owners and contractors at construction sites to provide reasonable and adequate safety to workers.  To establish a claim under the statute, a plaintiff must show that a specific, applicable Industrial Code regulation was violated, and that the violation caused the complained-of injury (*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 146, 950 N.Y.S.2d 35 [1st Dept 2012] [internal citations omitted]).

### 1. 12 NYCRR § 23-7.2(g)

Plaintiff argues that defendants' failure to waterproof wiring and electrical equipment, in violation of 12 NYCRR 23-7.2(g), caused an explosion or short circuit which lead to the south hoist car malfunctioning. Defendants maintain that the regulation is not specifically sufficient to find liability under Labor Law § 241(6) and in any case, it was not violated.

12 NYCRR 23-7.2(g), titled "Wiring," provides that:

Wiring and other electrical equipment shall be of proper quality and properly installed. Electrical installations shall be in accordance with the 1971 National Electrical Code. Hoistway wiring may consist of heavy-duty rubber-covered traveling cable. All wiring and other electrical equipment exposed to the elements shall be weatherproof.

While it seems that no caselaw exists regarding this particular subsection, 12 NYCRR 23-7.2(g) is sufficiently specific to support a claim under Labor Law § 241(6) (*see e.g., Misicki v Caradonna*, 12 NY3d 511, 515 [2009] [industrial code provision "must mandate compliance with concrete specifications and not simply declare general safety standards or reiterate common-law principles"]).

Plaintiff argues that there is evidence that the hoist malfunction(s) were caused when rainwater entered an electrical box, namely, the testimony of S&E's hoist repair mechanic who allegedly stated that the rainwater caused an explosion or short circuit, and also admitted that wiring and electrical equipment related to the hoist tower and cars were not waterproof. Defendants deny that the mechanic testified to the facts asserted by plaintiff.

Absent a definition of "waterproof," it is unclear whether the fact that heavy rain is able to penetrate into the hoist switches and mechanism means that the hoist was not waterproof. Moreover, the mechanic testified he added "water protection" to the hoist connector, which was not further defined and it is unclear whether that means it was not waterproof beforehand.

As neither party submitted evidence showing whether or not the regulation was violated, neither motion is granted.

### 2. 12 NYCRR § 23-1.5(c)(3)

Defendant argues that plaintiff's Labor Law § 241(6) claim predicated upon 12 NYCRR 23-1(c)(3) must be dismissed because the regulation was not violated as the hoists were kept sound and operable. Plaintiff contends that it is undisputed that the hoist cars routinely malfunctioned.

12 NYCRR 23-1.5(c)(3), titled, "Conditions equipment and safeguards," mandates that:

> All safety devices, safeguards and equipment in use shall be kept sound and operable, and shall be immediately repaired or restored or immediately removed from the job site if damaged.

As it is undisputed that the hoists malfunctioned, defendants do not meet their prima facie burden of showing that this particular regulation was not violated (*see Nicholson v Sabey Data Ctr. Props., LLC*, 205 AD3d 620, 621 [1st Dept 2022] [testimony that plaintiff had problem with equipment before accident enough to establish triable issue of fact under Labor Law § 241(6) based on 12 NYCRR 23-1.5(c)(3)]).

### 3. 12 NYCRR §§ 23-6.1(d) & 23-7.2(i)

Defendants argue that these regulations are inapplicable, while plaintiff asserts that the hoist cars were overused and frequently overloaded in violation of the statute.

12 NYCRR 23-6.1(d) titled, "Loading," directs that:

> Material hoisting equipment shall not be loaded in excess of the live load for which it was designed as specified by the manufacturer. Where there is any hazard to persons, all loads shall be properly trimmed to prevent dislodgment of any portions of such loads during transit. Suspended loads shall be securely slung and properly balanced before they are set in motion.

12 NYCRR 23-7.2(i), titled, "Materials carried on personnel hoists," states,

[* 8]

Personnel hoists may be used for carrying material providing the rated load capacity of the hoists are not exceeded. When materials are being carried on such a hoist, only the person necessary for handling such materials shall be permitted to ride in the car, in addition to the operator. When concentrated loads are carried in such a hoist car, such loads shall not exceed 25 percent of the rated load.

Here, there was no evidence that the hoists cars were "overloaded" or otherwise improperly loaded, and thus defendants are entitled to dismissal of the claim related to these regulations (*see Booth v Seven World Trade Co., L.P.*, 82 AD3d 499, 501 [1st Dept 2011] [trial court properly found industrial regulation insufficient to support Labor Law § 241(6) where there was insufficient evidence in record]).

### 4.     12 NYCRR § 23-9.2(a)

Defendant argue that they did not violate the regulation because they did not have the requisite notice required thereby (NYSCEF 143 at 24).

12 NYCRR 23-9.2(a), titled, "Maintenance," provides that:

All power-operated equipment shall be maintained in good repair and in proper operating condition at all times. Sufficient inspections of adequate frequency shall be made of such equipment to insure such maintenance. Upon discovery, any structural defect or unsafe condition in such equipment shall be corrected by necessary repairs or replacement. The servicing and repair of such equipment shall be performed by or under the supervision of designated persons. Any servicing or repairing of such equipment shall be performed only while such equipment is at rest.

While the first two sentences of the regulation have been found insufficiently specific, the rest of the regulation is sufficiently specific (*see Misicki v Caradonna*, 12 NY3d 511, 521 [2009]).  A violation of this regulation requires a showing that an injury was caused by "a previously identified and unremedied structural defect or unsafe condition" (*id.* at 520-521).

As it has not yet been established what caused the hoists to malfunction, defendants have not demonstrated that the alleged unsafe condition was not "previously identified and unremedied."

### C.      Labor Law § 200 & Common Law Negligence

Plaintiff's Labor Law § 200 and common-law negligence claims are also academic as the damages are the same and plaintiff may only recover once under any Labor Law theory (*see Viruet v Purvis Holdings LLC*, 198 AD3d 587 [1st Dept 2021]).  Nevertheless, the claims are addressed.

Plaintiff argues that S&E is liable under Labor Law § 200 and common law negligence because it controlled the hoist tower and cars, created the dangerous condition that caused the incidents, and had notice of these conditions.  In opposition and in support of their motion to dismiss, defendants contend that they did not create or have notice of any defective conditions, nor did they exercise exclusive control over the hoist.

Labor Law § 200, which codifies the common law duty to provide a safe workplace, is only implicated where there is a finding that defendants were negligent.  "Claims for personal injury under the statute and the common law fall into two broad categories: those arising from an alleged defect or dangerous condition existing on the premises and those arising from the manner in which the work was performed.  Where an existing defect or dangerous condition caused the injury, liability attaches if the owner or general contractor created the condition or had actual or constructive notice of it.  Where the injury was caused by the manner and means of the work, including the equipment used, the owner or general contractor is liable if it actually exercised supervisory control over the injury-producing work" (*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 143-144 [1st Dept 2012] [internal citations omitted]).

Here, the alleged issue relates to an unsafe condition, rather than the manner and means of the work performed by plaintiff.  As the cause of the malfunctions has not yet been established, plaintiff fails to demonstrate that S&E created or had notice of the unsafe

condition(s) at issue, and for the same reason, defendants fail to show that they neither created nor had notice of the unsafe condition.

### D.     Affirmative defense

Finally, plaintiff's motion to dismiss defendants' affirmative defense of plaintiff's comparative negligence related to his claims under Labor Law §§ 200 and 241(6) is also academic given the grant of judgment under Labor Law § 240(1).  However, if considered for appellate review, the motion would be denied as to the south hoist car accident only as a plaintiff's comparative negligence is a viable defense to Labor Law §§ 200 and 241(6) claims, and defendants' assertion that plaintiff could have, but failed to, engage the emergency stop function sufficiently raises a triable issue as to plaintiff's comparative fault.

### III.     CONCLUSION

Accordingly, it is hereby

ORDERED, that plaintiff's motion (seq. two) is granted to the extent of:

(1)     granting him partial summary judgment on liability as to his Labor Law § 240(1) claim against defendants Broadway Owner LLC, SL Green Realty Corp., and S&E Bridge &Scaffold LLC;

(2)     as to his Labor Law § 241(6) claim, his motion is denied as to a violation of 12 NYCRR 23-7.2(g);

(3)     as to his Labor Law § 200 and common law negligence claims, his motion is denied; and

(4)     denying his motion to strike defendants' affirmative defense of comparative negligence;

And it is further

ORDERED, that defendants' motion for summary judgment (seq. three) is granted to the extent of dismissing plaintiff's Labor Law § 241(6) clam predicated on violations of 12 NYCRR §§ 23-6.1(d) & 23-7.2(i), and is otherwise denied;

ORDERED, that the parties appear for a settlement/trial scheduling conference on August 7, 2024 at 9:30 am, at 71 Thomas Steet, Room 305, New York, New York.

**3/29/2024**
**DATE**

**DAVID B. COHEN, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | | GRANTED IN PART | X | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |