Dan v City of New York (2024 NY Slip Op 02659)

Dan v City of New York

2024 NY Slip Op 02659

Decided on May 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 14, 2024

Before: Oing, J.P., González, Kennedy, Higgitt, O'Neill Levy, JJ. 

Index No. 21313/16 Appeal No. 2265 Case No. 2023-03010 

[*1]Janet Dan, Appellant,
v
City of New York, Defendant, New York City Department of Education et al., Defendants-Respondents.

Alpert, Slobin & Rubenstein, LLP, Garden City, (Lisa M. Comeau of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Karin Wolfe of counsel), for respondents.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered June 14, 2023, which, insofar as appealed from as limited by the briefs, granted the motion of defendants New York City Department of Education and New York City Board of Education (defendants) for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
On October 26, 2015, plaintiff, a special education teacher and dean of a Bronx middle school, was helping students enter the school's main entrance shortly after 8:00 a.m. Plaintiff alleges that as she pulled open the leftmost of a pair of "very heavy" metal fire doors, the door "swung out" with great force, smashing her left hand against the tile wall.
The door lacked a doorstop to prevent it from opening completely and striking the wall. Plaintiff believed that the door had an "apparatus" which ordinarily would have prevented the door from quickly opening, but the apparatus was not functioning properly that day. Although she had previously heard the door "crack" as it opened fully against the wall, plaintiff had never noticed any problems with the door, complained about it, or heard of any incidents involving the door.
Defendants met their initial burden to establish that they neither created nor had actual notice of the alleged defect by submitting the testimony of their custodian engineer that there were no prior repairs, complaints, or prior accidents involving the door that allegedly caused plaintiff's accident (see Davila v City of New York, 95 AD3d 560, 561 [1st Dept 2012]). Defendants nonetheless failed to meet their burden of showing that they lacked "constructive notice of the condition and a reasonable time to correct or warn about its existence" (Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137 [2017]).
On the issue of constructive notice, defendants relied on the testimony of the school's custodian engineer, who stated that she "usually" conducted daily inspections of the building's doors, during which she tested the doors to ensure that they were "functioning properly," "operate[d] safely," and did not "open or close too quickly." Viewed in the light most favorable to plaintiff as the nonmovant (see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]), the custodian engineer's generalized testimony that she would regularly test the door and determine that it was functioning safely and properly, by itself and without any expert analysis, failed to establish, prima facie, defendant's entitlement to judgment as a matter of law (see Lugo v Belmont Blvd. Hous. Dev. Fund Co., 157 AD3d 559, 560 [1st Dept 2018] [denying the defendant's motion for summary judgment where the defendant "failed to offer expert analysis to show that the condition of the door was not dangerous or defective, and instead relied on the testimony of its employees, who merely observed the door and found that it functioned properly"]).
The custodian engineer initially testified [*2]without specific recall of the date in question. She admitted, however, that her daily logs did not refer to any door inspections. The custodian engineer thus did not establish when the door was last inspected before the accident (see Attia v Slazer Enters., LLC, 215 AD3d 413, 414 [1st Dept 2023]). Moreover, defendants' custodian engineer conceded that the accident would not have occurred if a doorstop had been installed near the subject door and admitted that that the doorway's design placed the door dangerously close to the wall. Coupled with plaintiff's testimony that all the other doors in the building had doorstops, an issue of fact exists as to whether defendants should have noticed the "visible and apparent" condition that the subject door was missing a doorstop, posing a foreseeable risk that the door could slam a person's hand into the wall (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 83 [2015] [internal quotation marks omitted]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 14, 2024