Mosquera v TF Cornerstone Inc. (2024 NY Slip Op 04610)

Mosquera v TF Cornerstone Inc.

2024 NY Slip Op 04610

Decided on September 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2024

Before: Manzanet-Daniels, J.P., Friedman, Kapnick, Shulman, Pitt-Burke, JJ. 

Index No. 23663/16 Appeal No. 2629 Case No. 2023-01706 

[*1]Julio Mosquera, Plaintiff-Respondent,
v
TF Cornerstone Inc., et al., Defendants-Appellants.

Perry Van Etten, Rozanski & Kutner, LLP, New York (Thomas F. Maher of counsel), for appellants.
Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about March 8, 2023, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing plaintiff's Labor Law § 240(1) claim and granted plaintiff's motion for partial summary judgment on that claim, unanimously affirmed, without costs.
Plaintiff set forth prima facie entitlement to summary judgment on his Labor Law § 240(1) claim with testimony that he fell off the edge of a bathtub he was standing upon to paint the room's upper corners because the ladders provided to him did not fit inside the tub when open (see Vitucci v Durst Pyramid LLC, 205 AD3d 441 [1st Dept 2022]). The description of the accident in a Workers' Compensation questionnaire does not create a question of fact as it does not have the certification of a translator indicating that plaintiff's words were accurately translated from Spanish (see Nava—Juarez v Mosholu Fieldstone Realty, LLC, 167 AD3d 511, 512 [1st Dept 2018]; Eustaquio v 860 Cortlandt Holdings, Inc., 95 AD3d 548, 548 [1st Dept 2012]). Reports from plaintiff's medical treatment are similarly flawed, as well as uncertified (see Lourenco v City of New York, 228 AD3d 577, 582 [1st Dept 2024]; Sanchez v 1 Burgess Rd., LLC, 195 AD3d 531, 532 [1st Dept 2021]). Defendants' expert who examined the scene four years' post-accident also did not create a question of fact (see Strojek v 33 E. 70th St. Corp., 128 AD3d 490, 491 [1st Dept 2015]; Serrano v TED Gen. Contr., 157 AD3d 474, 474 [1st Dept 2018]). The expert conceded that he could not state that the ladder he examined was the one plaintiff fell from. He also admitted that the ladder was four feet in height, not six and eight as testified to by plaintiff, explaining that an unidentified individual informed him that plaintiff was incorrect. In light of the foregoing, the expert's conclusion that plaintiff was the sole proximate cause of his accident because he could have used one of the ladders provided is unsupported by the record. Plaintiff also adduced sufficient evidence that TF Cornerstone Inc. and Midtown West A GC LLC were the owner's agents for purposes of the Labor Law through contracts, admissions in their answer, and the testimony of their doorman (see Fox v Brozman-Archer Realty Servs., 266 AD2d 97, 98 [1st Dept 1999]). Moreover, defendants made no effort to rebut these submissions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2024